## Richmond.

### PHENIX INS. CO. V. FIRST NATIONAL BANK.

February 14th, 1889.

INSURANCE—*Payment of Loss—Subrogation.*—Insurer, having paid a loss to mortgagee that covers only a part of mortgage debt, acquires no right to have from mortgagee evidences of the debt to an amount equal the loss paid by him. The debt must be paid in full before he can take from mortgagee any part of the debt by subrogation.

Argued at Staunton, decided at Richmond. Appeal from decree of circuit court of Rockingham county, rendered June 30th, 1887, in the chancery cause therein pending, in which the Phenix Insurance Company of New York, the Fire Association of Philadelphia, and the Hope Insurance Company of New Orleans were complainants, and the First National Bank of Harrisonburg, Virginia, was defendant.

A corporation, styled the New Rawley Springs Company, issued its bonds to the amount of $30,000, dated July 12th, 1879, with coupons for semi-annual interest, and executed a trust deed to secure payment thereof. These bonds, to the amount of $7,187 were, on the 10th of August, 1885, owned by the defendant bank, and that day the bank obtained from the Phenix Insurance Company a policy of insurance against loss by fire to the amount of $1,000 for the term of one year, on part of the buildings and furniture embraced in the trust deed.

The policy was issued in the name of the Springs Company, though the bank paid the premium, the loss, if any, being payable to the bank as its interest might appear. On the 7th of

June, 1886, the items of property, covered by the policy, were destroyed by fire, the loss aggregating $700, which was paid and the policy surrendered. The bank also took out additional policies in the Virginia Fire and Marine Insurance Company for $2,750, in the Hope Insurance Company of New Orleans for $1,500, and in the Fire Association of Philadelphia for $1,750, making a total insurance of $7,000 to protect the bonds.

The losses under the several policies were: Phenix, $700; Fire Association, $1,375; Hope, $1,050; and Virginia Fire and Marine, $2,375, aggregating $5,500. When the Phenix Insurance Company paid the bank the amount of the loss under its policy, it demanded of the bank $700 of said bonds, claiming that it stood in the relation of surety, and that having paid $700 of the debt of the Springs Company represented by the bonds, it had become entitled, on the principle of subrogation, to bonds to that amount. This claim being denied by the bank, the Phenix Insurance Company filed its bill for relief. The bank demurred to and answered the bill, denying the complainant's demand. Then the Fire Association and the Hope Insurance Company, by leave of the court, filed their petition to the same effect. These two companies had not paid the losses under their policies, declining to do so until the bonds they claimed were turned over to them.

In vacation, on the 30th of June, 1887, the court decreed that the complainants were not entitled to demand and take of the bank the bonds, or any of them, until the bank had received the full amount of the principal and interest of its debt, but that the insurance companies which have or shall have paid the bank the amount of adjusted loss due from them respectively, were entitled in equitable proportions to such surplus of the dividends applicable to said bonds owned by the bank as may arise upon the foreclosure of the trust deed and remain after the payment of principal and interest of said bonds to the bank, and that the prayer of the complainants be denied, and that the right of the bank to hold and collect the bonds was firm and

stable. From this decree the Phenix Insurance Company and the other complainants appealed to this court.

*E. S. Conrad,* for appellants.

*G. E. Sipe,* for appellee.

RICHARDSON, J. (after stating the case), delivered the opinion of the court.

We have had no hesitancy in coming to the conclusion that the decree complained of is without error, either on principle or authority. The case involves only one single question: Does an insurer, who has paid a loss to a mortgagee that covers only a part of the mortgage debt, acquire as against the mortgagee a right to demand and take from the mortgagee the evidences of the debt secured to the amount of the loss paid by the insurer, whether the mortgagee be able or not to obtain satisfaction of his debt from the remaining evidences of the debt? Or, in other words, must not the creditor's debt be paid *in full* before the insurer can take from him by subrogation any part of that debt?

The doctrine which is applicable to this case, and which squarely meets this question, is clearly laid down by Mr. Justice Strong in pronouncing the opinion of the supreme court of the United States in *Carpenter* v. *The Providence Washington Insurance Co.,* 16th Peters, 501, where the learned judge says: "No doubt can exist that the mortgagor and the mortgagee may each separately insure in his own distinct interest in the property. But there is this important distinction between the cases, that where the mortgagee insures solely on his own account, it is but an insurance on his debt; and if his debt is afterwards paid or extinguished, the policy ceases from that time to have any operation; and even if the premises insured are subsequently destroyed by fire, he has no right to recover for the loss, for he

sustains no damage thereby; neither can the mortgagor take advantage of the policy, for he has no interest whatever therein.

On the other hand, if the premises are destroyed by fire before any payment or extinguishment of the mortgage, the underwriters are bound *to pay the amount of the debt to the mortgagee,* if it does not exceed the insurance. But then upon such payment, the underwriters are entitled to an assignment of the debt from the mortgagee, and may recover the same amount from the mortgagor, either at law or in equity according to circumstances." And in *Insurance Co.* v. *Stinson,* 103 U. S. 25, Mr. Justice Bradley concludes the opinion with the remark: " After a loss has occurred and the insurance has been paid *sufficient to discharge the debt,* the insurer may be subrogated to the rights of the creditor against the debtor." In a note to *King* v. *State M. Fire Insurance Co.,* 54 Am. Dec. 696, the learned annotator says: "The doctrine of the principal case that the insurer is not entitled to demand subrogation under a policy which does not expressly provide for it, is the established law in Massachusetts, * * * and that doctrine seems to be adopted in May on Ins. § 456; Wood on Fire Ins. 782; and in later editions of Mr. Phillips' work. 2 Phill. on Ins. § 1712. But it must be admitted that the decided preponderance of authority is against this doctrine, and in favor of the insurers right of subrogation and assignment in such cases upon paying the loss, *and if necessary, the balance due on the mortgage";* citing Flanders on Ins. 400; 16 Peters, 495, and numerous other authorities.

The authorities demonstrate the correctness of the decree appealed from, and we are therefore of opinion that the same must be affirmed.

DECREE AFFIRMED.