[No. 2586.  Decided June 30, 1897.]

# CHARLES E. BURROWS, *Appellant*, v. MARY A. McCAL-LEY *et al.*, *Respondents.*

DEMURRER — FIRE INSURANCE — CONDITION AS TO OWNERSHIP — WHO MAY RAISE OBJECTIONS — RIGHTS OF MORTGAGEE — ESTOPPEL — ACTION TO RECOVER PROCEEDS — PARTIES — DEMAND.

After a defendant has once demurred to a complaint he cannot subsequently demur upon other grounds.

A policy of fire insurance payable to a mortgagee as his interest may appear is valid as to him, although procured by a person having no interest in the premises insured, and the policy was conditioned that it should be void in the latter case.

Where a policy of insurance, conditioned that it should be void if the interest of the insured be other than unconditional and sole ownership, is procured by one not having title to the premises, the insured cannot set up the invalidity of the policy in an action against him to recover the proceeds of a loss by a mortgagee to whom the policy was made payable as his interest might appear.

Where the insured and the mortgagee to whom the policy of insurance was made payable as his interest might appear joined in an action to enforce payment for loss, in which the complaint alleged ownership in the insured, the insured and his attorneys are both estopped from setting up the invalidity of the policy as against the mortgagee on the ground that the insured had no interest in the premises.

In an action by a mortgagee to foreclose a mortgage and have the proceeds of insurance policies applied in satisfaction thereof, upon which payments had been made to the attorneys representing the mortgagee and the insured in compromise of a joint suit by them against the companies, such attorneys are proper parties defendant.

In such a case, where the mortgagee's right to the funds was denied by the attorneys and they were purposing to make payment to other parties, no demand was necessary prior to suit against them.

Appeal from Superior Court, Walla Walla County.— Hon. WILLIAM H. UPTON, Judge.  Reversed.

*Wellington Clark (Richard Belcher, of counsel), for appellant.*

*Thomas & Dovell,* for respondents.

The opinion of the court was delivered by

GORDON, J.—In the year 1885 Robert M. McCalley and Andrew McCalley (their wives joining with them) executed a mortgage upon certain real estate in Walla Walla county to one Pierce to secure a loan of $12,000. Upon the mortgaged premises there was a large merchant flouring mill, and the mortgage contained a covenant to keep the improvements insured " in a sum equal to half the cost value and to have the losses in case of fire, made payable to the party of the second part [Pierce] as his interest may appear."

Andrew McCalley and his wife and Robert McCalley died prior to the year 1892, and their estates were in course of administration at the time of the commencement of this action. Respondent Mary A. McCalley is the sole executrix of the last will and testament of Robert M. McCalley, one of the mortgagors. Respondent Boyer is the administrator of the estate of Sallie V. McCalley, wife of Andrew McCalley, one of the mortgagors. Respondent Walter S. McCalley is sole executor of the last will and testament of Andrew McCalley. In October, 1892, respondent Walter S. McCalley insured the improvements upon said mortgaged premises in three different companies for a sum aggregating $8,000, and paid the premium thereon. Each of said policies was made payable in case of loss to the said Pierce, the mortgagee, " as his interest may appear." In the spring of 1893 the insured property was totally destroyed by fire. In the fall of that year respondent Walter S. McCalley and Pierce united as plaintiffs in actions brought in the superior court of said county

on the policies aforesaid against the respective companies. Thereafter stipulations were filed providing that judgments should be entered therein in favor of the plaintiffs and against the companies for amounts aggregating $6,150, and conditioned that such judgments should be forthwith paid. Subsequently said companies delivered to the clerk of the court bank drafts for the amount of the respective judgments so entered against them. These drafts were by the clerk turned over to respondents Thomas & Dovell, attorneys of record for the plaintiffs, McCalley and Pierce, in the actions upon said policies, who thereupon satisfied the judgments of record and deposited the drafts for collection in the Baker-Boyer National Bank of Walla Walla. In April, 1894, the executors of the estate of Pierce sold and assigned to the appellant Burrows the mortgage hereinbefore mentioned and the debt secured thereby. The present action was brought by Burrows to foreclose the mortgage and also to have the proceeds of the drafts applied in partial satisfaction.

The complaint sets out all the facts hereinbefore detailed, and further sets forth that the respondent Walter S. McCalley, at the time of obtaining the insurance upon the property, was, or claimed to be, the owner of the mortgaged property, and had or claimed to have, an insurable interest therein subject to the lien of the mortgage. A temporary injunction issued restraining the bank from disbursing the money among the respondents pending the action; and subsequently by a stipulation of the parties the proceeds of the drafts were deposited with the clerk of the court to abide the result of the action. Such of the respondents as are interested in the disposition to be made of the case in this court united in a demurrer to the complaint in foreclosure upon the grounds that it did not state facts sufficient to constitute a cause of action. This de-

murrer was overruled and subsequently they interposed a further demurrer on the ground that two causes of action were improperly united, and the lower court declined to entertain this latter demurrer—very properly, we think—for the reason that it was not competent for a defendant to interpose different demurrers to the same complaint.

Thereafter respondents answered affirmatively alleging that at the time of taking out the insurance by respondent Walter S. McCalley, Mary A. McCalley was the owner of the premises, and the insurance was procured by Walter as the agent of Mary for her sole use and benefit, and not otherwise, and that the insurance companies, without liability on the part of either of them to the said Walter S. McCalley or Pierce mortgage, voluntarily paid the sums hereinbefore referred to for the use and benefit of Mary A. McCalley, and not otherwise. The trial resulted in a decree of foreclosure, and ordering a sale of the mortgaged premises, but denying the right of the appellant to a lien upon the drafts or proceeds of the drafts paid by the insurance companies, and denying to appellant the relief sought in respect to such drafts, and directing the clerk of the court to turn over to Thomas & Dovell the proceeds of the drafts which had theretofore been deposited with said clerk under stipulation of the parties, and awarding to said respondents costs of the action.

The present appeal is from that portion of the decree only which denied to appellant the right to have the proceeds of the drafts applied in satisfaction of the mortgage. Very little difference or dispute exists between the contending parties in this case as to the controlling facts in the case. Each of the policies contained in substance the following language:

" This entire policy  .  .  .  shall be void if the interest of the insured be other than unconditional and sole

ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

The lower court found:

" That said Walter S. McCalley did not have at the time of the issuance of said policies of insurance, or either of them, nor since said time, any right to, interest in, or claim upon said land and premises in said complaint described, or any part thereof, nor any insurable interest therein, or any part thereof;"

and concluded:

" 2. That inasmuch as the defendant, Walter S. Mc-Calley, had no insurable interest in the property so insured, or supposed to be insured, at the time of the issuance of said policies of insurance, or at anytime since then, said policies were, and each of them was, void and of no effect and said insurance companies, nor either of them, was under any legal obligation to pay said sums, or any sum or sums, thereunder on account of the loss or destruction of said property and that said plaintiffs in said actions thereon, Charles E. Burrows and Walter S. McCalley, were not entitled to recover in said actions so brought thereon as aforesaid.

" 3. That the judgments rendered in said actions were not recovered by said Burrows and McCalley upon said policies of insurance, or either of them, but were so recovered under and pursuant to the stipulations of the parties filed therein for the purpose of compromising and settling their asserted claims in said actions respectively.

" 4. That said Thomas & Dovell, having received said drafts as the attorneys of said Charles E. Burrows and Walter S. McCalley in said actions and no demand having been made upon them by said Burrows, plaintiff herein, for the same or the proceeds thereof, or for any part of such proceeds, before the commencement of this action, are not liable to said Burrows, as such plaintiff, or otherwise, in this action for the conversion of the same, or otherwise, and especially in the absence of a showing of their insolvency or of the insolvency of said Walter S. McCalley, to whom they intended to pay such proceeds, and that

only an action at law, after a demand for an accounting between him and them, and a demand by him upon them therefor and refusal on their part to pay or deliver his share or proportion of the same, if any, can be maintained against them and that such cause of action, if any he has, being only cognizable at law, no recovery can be had against them thereon in this action, nor the rights of the respective parties to the moneys paid upon said drafts and deposited in this court as aforesaid adjudicated in this cause, and that the same, so far as the same relates thereto, should be dismissed without prejudice, and the preliminary injunction granted herein against them dissolved and that said Thomas & Dovell should recover their costs and disbursements against said plaintiff herein."

No evidence was offered by the respondents in the trial below. We think the trial court erred in concluding that the policies were void and of no effect, and that appellant and respondent Walter S. McCalley were not entitled to recover upon them. It appears from the record that no written application was made for the insurance, and it does not appear that any fraudulent representations of title were made at the time of effecting the insurance. Under such circumstances it is very doubtful if the companies could have successfully defended upon that ground, even as against McCalley. *Dooly v. Hanover Fire Ins. Co.*, 16 Wash. 155 (47 Pac. 507); Wood, Insurance, § 212.

But as to the mortgagee who had a separate and distinct interest in the policies, we think the insurance was valid. His interest was separate and distinct from that of the insured. As was said in the cause of *Hastings v. Fire Ins. Co.*, 73 N. Y. 141:

" The tendency of the recent cases is to recognize these distinctions, and thus protect the rights of the mortgagee when named in the policy, and the interest of the owner and of the mortgagee are regarded as distinct subjects of insurance."

See, also, *Pioneer Savings & Loan Co. v. Providence Washington Ins. Co., ante*, p. 175.

It was found by the court that the amount due upon the mortgage exceeded $15,000, while the total amount of insurance was but $8,000; in other words, the interest of the mortgagee in the premises exceeded the total amount of the insurance thereon; and we see no reason why the policy should be held invalid as to him.

*Addis v. Addis*, 14 N. Y. Supp. 657, is cited and relied upon by respondents. A careful examination has convinced us that the principle controlling the decision in that case has no application to the facts in this. But, independently of these considerations, the only parties who could be heard to assert the conditions were the companies themselves, and they had the undoubted right to waive the conditions if they saw fit. It cannot be assumed that they were not familiar with the conditions contained in policies of their own preparation, hence it must be assumed that with full knowledge of the conditions, and of all the facts, they elected to make payment rather than contest the loss, and it does not belong to the respondents to assert conditions or raise defenses which were personal to the companies.

Still again, we think that respondent Walter S. McCalley is precluded from urging this objection. As already noticed he joined with the appellant in this case in bringing actions to enforce payment under the policies. The complaints in those actions were put in evidence in this cause and are in the record. Each of them contains the allegation that Walter S. McCalley was the owner and in possession of the premises at the time of effecting the insurance. It does not belong to him to urge the objections which are here considered, and, if he has no right to do

so, it would seem equally clear that his attorneys in that proceeding, the respondents Thomas & Dovell, cannot.

We think the court also erred in concluding that respondents Thomas & Dovell were not proper parties to this proceeding, and that as to them appellant's only remedy was an action at law. Their possession of the drafts was due to their employment as the attorneys of this appellant and the respondent McCalley, joint plaintiffs in the actions against the insurance companies, and, as the interest of the appellant in the insured premises greatly exceeded the total amount of insurance thereon, it follows that the appellant was entitled to the entire sum paid in satisfaction of the judgments in those actions. Upon receiving the proceeds of these judgments, it became their duty to account to the appellant therefor, and this was a continuing obligation, and inasmuch as it sufficiently appears from the record that instead of so doing they purposed to disburse such proceeds among the other respondents in the case, who clearly were not entitled to it, we think they were properly joined as defendants in the present case. Appellant was entitled to have the proceeds of the insurance which existed upon the mortgaged premises applied to the satisfaction of his mortgage, and for that purpose was entitled to claim the specific funds. He was not obliged to resort to an action at law, nor is it any sufficient objection to his recovery in the present cause that no demand was made of his attorneys prior to the commencement of this action. As already observed, their duty to account to him for the proceeds of the judgments was a continuing duty, and, it clearly appearing that they purposed to make other disposition of the funds, a demand would have been useless. We think it is the general rule that a demand is never necessary where it would be unavailing, if made. In the present case it could only affect the question

of cost, and where, as here, the respondents deny appellant's right to the funds, they cannot avail themselves of appellant's failure to make demand in order to avoid liability either upon the merits or the minor question of costs.

That portion of the decree appealed from will be reversed and the cause remanded for the entry of a new decree in accordance with the views herein expressed.

Scott, C. J., and Reavis, Anders and Dunbar, JJ., concur.