[No. 16454. Department One. September 16, 1921.]

A. R. WALTER *et al., Appellants*, v. J. V. HOEFFLER *et al., Respondents.*[1]

TAXATION (140)—FORECLOSURE SALE—NOTICE TO OWNER—DILI-GENCE. The statute (Rem. Code, § 9260) requiring the county treasurer to notify the record owner of real estate before its sale for delinquent taxes, while not requiring him at all hazards and in all instances to search out and notify the record owner, is imperative that he make at least a reasonable effort to find and notify such owner.

SAME. The owner of real estate is entitled to have a tax deed thereon set aside, where the treasurer has made a sale for delinquent taxes without notifying such owner whose post office address was of record in the treasurer's office, and was also capable of ascertainment from a tenant in possession of the premises; the fact that the owner himself may have been at fault not excusing the fault of the officer making the sale.

[1]Reported in 200 Pac. 1101.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered January 22, 1921, in favor of the defendants, in an action to cancel a tax deed, tried to the court. Reversed.

*R. A. Wilcox* and *C. R. Hovey,* for appellants.

*Eugene E. Wager,* for respondents.

FULLERTON, J.—This is an action brought by the appellants, Walter, against the respondents Hoeffler, and the respondent Damerow, as treasurer of Kittitas county, to set aside a tax deed to lands issued by the respondent treasurer to the other respondents after a sale of the land for delinquent taxes. The trial resulted in a dismissal of the action.

The land in question consisted of a lot, with a dwelling house thereon, situated in the city of Cle Elum, in Kittitas county, and was formerly the residence of the appellants. They removed therefrom sometime in 1912, and took up their residence at Auburn, in King county, leaving the property in the hands of an agent who had authority to lease the same. At the time of the sale mentioned, the property was in the possession of a tenant. The taxes were suffered to become delinquent on the property for the years 1913, 1914, 1915 and 1916. The taxes for 1917 were paid by the appellants on May 31, 1918, a time prior to their delinquency. At that time the treasurer issued a receipt for the taxes paid, on the face of which the post office address of the appellants was written. A duplicate of the receipt, also showing the address, was retained by the treasurer and made a file of his office.

In September, 1919, the treasurer, in making up a list of the property in his county on which the taxes had been delinquent for such time as to require their sale, discovered and listed the property here in ques-

tion. He thereupon addressed a letter to the appellant A. R. Walter, at Cle Elum, in which attention to the delinquency was called. This letter was returned from the post office at Cle Elum as undelivered. The treasurer thereafter, by appropriate proceedings, took the necessary steps to procure a judgment of foreclosure for the delinquent taxes, and such a judgment was entered by the superior court on August 16, 1920.

Relating to the duties of the county treasurer subsequent to the entry of the judgment, the statute provides that the treasurer, upon receiving a certified copy of the judgment from the clerk of the court in which it is entered, shall, before any sale of real estate is held thereunder, "notify the record owner of such real estate of the pending sale, or in case of unknown owner shall post a notice of same in some public place at the county court house." Rem. Code, § 9260. The treasurer, relying on the fact that the letter addressed to one of the appellants at Cle Elum a year before had been returned as uncalled for, proceeded with the sale of the property without making further effort to locate or notify the appellants, or either of them.

The statute from which we have quoted is imperative in its requirement that the treasurer shall, before proceeding with a sale of land for delinquent taxes, notify the record owner of the land of the pending sale. This possibly does not mean, and we are not inclined to hold it means, that the treasurer must in all instances and at all hazards search out and notify the record owner of a pending sale before he may proceed with a sale, but it certainly requires that he make at least a reasonable effort to find and notify such owner. See *Larson v. Murphy,* 105 Wash. 36, 177 Pac. 657. Treating this as the controlling question, the inquiry is, did the treasurer make such reasonable effort. It is our opinion that he did not. The name of the record owner

of the property not only appeared on the tax rolls in his office, but it appeared on the very judgment roll under which he was authorized to make a sale. The post office address of the record owner was of record in his office, at a place with which he was familiar, and to which he could turn with hardly a passing effort. The land was in possession of the owner's tenant and inquiry there would have revealed the whereabouts of the owner. Manifestly, it seems to us, failure to inquire at these obvious sources is failure to exercise reasonable diligence.

The argument that the appellants were in themselves at fault is beside the question. The statute makes the giving of the notice a condition precedent to the sale, and a substantial compliance therewith is necessary in all cases if title to real property is to pass under the procedure. Fault of the officers making the sale cannot be offset by showing fault of the owners of the property sold.

The judgment is reversed, and the cause remanded with directions to grant relief in accordance with the prayer of the complaint.

HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.