[No. 17105.   Department Two.   November 8, 1922.]

OREGON MORTGAGE COMPANY, LIMITED, *Respondent,* v.
HARTFORD FIRE INSURANCE COMPANY, *Appellant.*[1]

COURTS (2-1)—JURISDICTION—NONRESIDENT PARTIES. A transitory action may be waged in this state between foreign companies, under Rem. Comp. Stat., § 206, providing that the venue of an action against a corporation is in any county where it has an office for the transaction of business or any person resides upon whom process may be served, and Id., § 226, subdiv. 6, providing that, in an action against an insurance company, service may be had upon any agent authorized to solicit insurance; notwithstanding the insurance code, Id., § 7044, providing that service upon an insurance company shall be made by service upon the insurance commissioner, and that the venue shall be in the county where the cause of action arose.

INSURANCE (130)—PROOF OF LOSS—NECESSITY—EFFECT OF MORTGAGE CLAUSE. Want of proofs of loss does not defeat the right of the mortgagee to recover under a policy providing that the policy shall not be invalidated by any act or neglect of the mortgagor or owner of the property; the separate mortgage clause constituting an independent contract fixing the status of the parties.

SAME (91)—AVOIDANCE OF POLICY—CHANGE OF OWNERSHIP—INTEREST OF MORTGAGEE. The clause in a fire insurance policy requiring the mortgagee to notify the company of "any change of ownership

[1]Reported in 210 Pac. 385.

184 OREGON MORTGAGE CO. v. HARTFORD FIRE INS. CO.

or increase of hazard," has no application to a mortgage foreclosure sale, which was subject to redemption; since the same was within the contemplation of the parties, and was not a change of ownership and did not add to the risk.

SAME (91) — AVOIDANCE OF POLICY — SUBROGATION OF INSURER — BREACH OF CONDITION—TENDER OF PAYMENT BY INSURER. An insurance company not having tendered to the mortgagee the full amount of the debt, the mortgagee's action on the policy is not defeated by the subrogation clause in the policy entitling the company to the rights of the mortgagee against the mortgagor upon payment of the loss.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered May 17, 1921, in favor of the plaintiff, upon sustaining demurrers to the answer, in an action on a policy of fire insurance. Affirmed.

*E. Eugene Davis* and *B. C. Mosby,* for appellant.
*Merritt, Lantry & Baske,* for respondent.

HOVEY, J.—Respondent recovered judgment upon a policy of fire insurance issued in its favor as mortgagee by appellant upon property situated in the state of Oregon. The judgment was entered after a demurrer had been sustained to defenses set up by appellant in its answer and the appellant had refused to plead further. At the time the policy was issued, the property belonged to Joseph W. Humphrey, and thereafter the mortgage was foreclosed and the property bid in by respondent for the full amount secured and was held subject to redemption at the time the fire occurred. No proofs of loss were made by either the mortgagor or mortgagee, and no notice of the foreclosure proceedings or of the sale was given to appellant. The interest of the mortgagee was evidenced by what is known as a union mortgage clause, and is in the following words:

"Policy No. 6554 in name of Jos. W. Humphrey, agency at La Grande, Ore.

"Loss, if any, payable to The Oregon Mortgage Company, Limited, mortgagee or beneficiary or assigns as herein provided.

"It being hereby understood and agreed, that this insurance as to the interest of the mortgagee or beneficiary or assigns only therein shall not be invalidated by any act or neglect of the mortgagor or owner of the property insured, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by the terms of this policy. PROVIDED, that in case the mortgagor or owner neglects or refuses to pay any premium due under this policy, then on demand the mortgagee or beneficiary or assigns shall pay the same. PROVIDED, that the mortgagee or beneficiary or assigns shall notify this company of any change of ownership or increase of hazard, which shall come to his or their knowledge, and shall have permission for such change of ownership or increase of hazard duly endorsed on this policy. AND PROVIDED FURTHER, that every increase of hazard not permitted by the policy to the mortgagor or owner shall be paid for by the mortgagee or beneficiary or assigns on reasonable demand, and after demand made by this company upon, and refusal by the mortgagor or owner to pay, according to the established schedule of rates. It is, however, understood that this company reserves the right to cancel this policy as stipulated in the printed conditions in said policy; and also to cancel this agreement on giving ten days' notice of their intention to the beneficiary or mortgagee named therein, and from and after the expiration of the said ten days this agreement shall be null and void. IT IS ALSO AGREED, that whenever this company shall pay the mortgagee or beneficiary or assigns any sum for loss under this policy, and shall claim that as to the mortgagor or owner no liability therefor exists, it shall at once and to the extent of

such payment, be legally subrogated to all the rights of the party to whom such payments shall be made, under any and all securities held by said parties for the payment of said debt. But such subrogation shall be in subordination to the claim of said party for the balance of the debt so secured. Or said company may, at its option, pay the said mortgagee or beneficiary or assigns the whole debt so secured, with all the interest which may have accrued thereon, to the date of such payment, and shall thereupon receive from the party to whom such payment shall be made, an assignment and transfer of said debt with all securities held by said party for the payment thereof. In case of any other insurance upon the within described property, this company shall not be liable under this policy for a greater proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance upon said property issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise.

"If the above named mortgagee shall assign said mortgage, the above agreement shall be binding between said insurance company and the assigns, without notice to said insurance company of said assignment.

"The foregoing provisions and agreements shall take precedence over any provision or condition conflicting therewith, contained in said policy.

"This clause is attached to and is made a part of the said policy from the 4th day of Dec., 1917.

"IN WITNESS WHEREOF, the duly authorized agent of said insurance company has hereunto set his hand on said day.          Wm. Miller, Agent.
"Hartford Insurance Company of Hartford, Conn."

The first question raised is the right of respondent to maintain its action upon this policy in the courts of this state; both of the parties to the action being nonresident corporations doing business in this state and the policy having been issued in another state covering property in that state. Service was made by delivery of copies of the summons and complaint to

R. J. Martin, the local agent of appellant at Spokane, Washington, alleged in the answer to be authorized to issue policies of insurance, but not authorized to accept service of process.

The question of the method of serving insurance companies has become somewhat involved through the adoption of our insurance code, which provides in subds. 13 and 13½, § 7044, Rem. Comp. Stat., first, that service shall be made upon the insurance company by delivering the copies to the commissioner; and second, that the venue of the action shall be in the county within this state where the cause of action arose, and if these sections contain all the law upon this subject the present action could not be maintained. There was in existence, however, prior to the enactment of this law, § 206, Rem. Comp. Stat., which provides that the venue of an action against a corporation is in any county where the corporation has an office for the transaction of business or any person resides upon whom process may be served, and § 226, subd. 6, Rem. Comp. Stat., providing that, in an action against an insurance company, service may be made upon any agent authorized by such company to solicit insurance within this state. And while these sections would not now apply to causes of action arising in this state, we do not believe that it was the intention of the legislature to abolish the maintaining of what are clearly transitory actions, though arising in other states, where the parties involved are within the jurisdiction of this state, for if nonresidents are barred, our own citizens possessing similar causes of action would also be barred. We conclude that the service was proper, and the action being transitory, the court properly assumed jurisdiction. *Reynolds v. Day*, 79 Wash. 499, 140 Pac. 681, L. R. A. 1916A 432, 5 N. C. C. A. 814.

Appellant's first contention upon the merits is that the action is barred because no proof of loss was made and the main policy required this. *Goldstein v. National Fire Ins. Co.,* 106 Wash. 346, 180 Pac. 409, and other cases are cited. The law is now, however, well established that a separate mortgage clause is an independent contract as to all the provisions contained within it and fixes the status of the insurance company and the mortgagee as to each other. *Burrows v. Mc-Calley,* 17 Wash. 269, 49 Pac. 508. See, also, 26 C. J. 370, together with cases there cited, which shows that the overwhelming weight of authority is to this effect, there being but one case cited to the contrary.

The main question presented by the appellant, however, and the one most favorable to its contention, is whether the action must fail because of an express provision of this mortgage clause itself, "Provided, that the mortgagee or beneficiary or assigns shall notify this company of any change of ownership or increase of hazard, which shall come to his or her knowledge, and shall have permission for such change of ownership or increase of hazard duly endorsed on this policy." It is the contention of the appellant that, by the sale upon foreclosure, the mortgagee became the owner of the premises, and that this is a change of ownership contemplated by the clause in question. The status of a purchaser at execution sale while the property is still subject to redemption has been discussed in several cases. In *Hyde v. Heaton,* 43 Wash. 433, 86 Pac. 664, it was held that the equitable title passes by the sale, and the subsequent confirmation and deed confer the legal title, and that the statute relative to the duration of the judgment lien would have no further application to the purchaser after the sale. This case in no way overrules the previous case of *Hays v. Mer-*

*chants' Nat. Bank of Port Townsend,* 14 Wash. 192, 44 Pac. 137, wherein it was held, modifying the previous case of *Hardy v. Herriott,* 11 Wash. 460, 39 Pac. 958, that the relative rights of the purchaser and the former owner are whatever the statute gives, and the mortgagor was held to still be the holder of the legal title during the period of redemption, to the extent that he and not the purchaser would be entitled to the preference right to the purchase of tide lands given by statute to the owner of the upland.

The meaning to be given to this provision, however, is not limited to the technical term "owner," but we must consider the contract of the parties and what was intended. By this supplementary contract, the insurance company undertook to protect the interest of the mortgagee in the property in question to the amount covered by the policy. At the time the policy was written and the clause attached, this interest was that of mortgagee only, but the parties must have had in contemplation the possibility that foreclosure of the mortgage and the purchase at the execution sale by the mortgagee might subsequently become necessary, and the result thus obtained was merely to increase the interest of the mortgagee in the property without adding to the risk. If the insurance company had desired proofs of loss from the mortgagee, or notice of foreclosure and purchase by the mortgagee at the execution sale, it could have incorporated such provision in the clause which constituted its contract with the mortgagee. The change of ownership mentioned in the clause evidently refers to a sale to some other person with whom the insurance company was not under contract. The following authorities are in accord with the views here expressed. 26 C. J. 239; *Pioneer Sav. & Loan Co. v. St. Paul Fire & Marine Ins. Co.,* 68 Minn.

170, 70 N. W. 979; *Lancashier Ins. Co. v. Boardman,* 58 Kan. 339, 49 Pac. 92, 62 Am. St. 621; *Dodge v. Hamburg-Bremen Fire Ins. Co.,* 4 Kan. App. 415, 46 Pac. 25; *Carlson v. Presbyterian Board of Relief,* 67 Minn. 436, 70 N. W. 3.

It is further claimed that the respondent has not complied with the subrogation clause of the contract sued on. Appellant does not tender the full amount of the debt owing to respondent, and until that claim is satisfied appellant cannot demand surrender of the security held, as the law will not require the partial surrender of securities even if it were practicable, *Phoenix Ins. Co. v. First Nat. Bank,* 85 Va. 765, 8 S. E. 719, 17 Am. St. 101, 2 L. R. A. 667. What is here said is without reference to the changed situation that the parties now occupy by reason of the sale of the property under execution; and without consideration of the question whether any right of subrogation in fact exists in case it is exercised against the interests of the party originally insured, the mortgagor. 26 C. J. 461.

The judgment is affirmed.

Parker, C. J., Mackintosh, Main, and Holcomb, JJ., concur.