[No. 17493.  Department Two.  February 3, 1923.]

GEORGE RILEY et al., Respondents, v. S. E. VARIAN et al., Appellants.[1]

TAXATION (140)—FORECLOSURE SALE—NOTICE TO OWNER—STATUTES—CONSTRUCTION. Notice of a tax sale, under a general county delinquency foreclosure, must be given the record owner, as required in individual foreclosures by Rem. Comp. Stat., § 11298; in view of Id., § 11295, providing that "the same proceedings shall be had as when held by an individual"; since the provision of § 11295, requiring all interested persons to take notice of the proceedings qualifies only the preceding part of the sentence, and the act, as a whole, requires the same proceedings as in individual foreclosures, when not otherwise provided.

SAME (140)—FORECLOSURE SALE—NOTICE TO OWNER—TIME OF SALE. A county treasurer's tax receipt for the year 1919, containing a penciled notation that the taxes for 1913 and 1914 are unpaid and the "property will be sold within a short time," is not a compliance with Rem. Comp. Stat., § 11298, requiring that notice of a tax sale be given the record owner, in that it does not state the time when the sale will take place.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered April 10, 1922, in favor of the plaintiffs, in an action to set aside a tax deed, tried to the court.  Affirmed.

*Sydney Livesey* (*J. Lenox Ward,* of counsel), for appellants.

*D. V. Morthland,* for respondents.

[1]Reported in 212 Pac. 545.

MAIN, C. J.—This action was brought to set aside a tax deed. The trial resulted in a holding that proper notice had not been given to the record owner prior to the sale, and a judgment vacating and setting aside the tax deed. From this judgment, the defendants appeal.

The facts necessary to present the questions to be determined may be summarized as follows: On April 11, 1918, the respondents acquired title to the property in question by deed from the Central Bank and Trust Company of Yakima, which deed was filed for record on the 31st day of May, 1918. In the year 1919, Yakima county brought an action in the superior court to foreclose for delinquent taxes levied for the years 1913 and 1914. At the time the taxes were levied, the title to the property was in the Central Bank and Trust Company, and that company was named as owner on the records in the office of the county treasurer, and continued to remain on such records as owner during the entire foreclosure proceedings. In the tax foreclosure proceeding, the bank was named as the owner of the property. At the tax sale, the appellants S. E. Varian and Elza Dean were the purchasers. Later they, with their respective wives, conveyed the property to the Cowychee Land Company, a corporation. Varian and Dean are the owners of the stock of this corporation. The respondents paid the taxes on the property for the year 1915 and subsequent years. On March 4, 1920, they paid the first half of the 1919 taxes, and the county treasurer issued a receipt therefor on which there was a pencil notation as follows:

"1913 and 1914 taxes are unpaid and the lot is included in the tax foreclosure and the property will be sold within a short time."

Before the sale was made, the county treasurer posted notices in his office and in two other public places in the county of the time and place of the sale, but did not notify the record owner of such sale, unless the pencil memorandum above referred to can be held to be such notice.

Two questions are presented: First, was it necessary for the county treasurer to give notice of the sale to the record owner in the tax foreclosure proceeding; and second, granting that notice was necessary, was the pencil notation on the tax receipt above referred to sufficient notice. Upon the first question the appellants contend that, since the foreclosure was by the county, or a municipal foreclosure as it was called no notice to the record owner was necessary. The respondents contend that in a municipal foreclosure it is necessary to give the same notice to the record owner as in the case of an individual foreclosure.

Section 11295, Rem. Comp. Stat., covers the matter of municipal foreclosure down to the time that judgment is entered. It provides that, after the expiration of five years from the date of delinquency, when any property remains on the tax rolls for which no certificate of delinquency has been issued, the county treasurer shall proceed to issue certificates of delinquency to the county, and that such certificates may be foreclosed in the name of the county and "the same proceedings shall be had as when held by an individual." Then follows a proviso in which the procedure by the county is defined and is different from that when the foreclosure is by an individual, which is covered by another section of the statute.

Section 11298, covers the procedure when the tax foreclosure is by an individual. The latter section, among other things, provides, that, before a sale of the

property shall be made, the county treasurer shall notify the ". . . record owner of such real estate of the pending sale, . . ." There is a further provision requiring that the county treasurer post notice of the time and place of the sale in three public places in the county, one of which shall be in his office. This is followed by the form of the notice to be posted, and also the form of the deed to be subsequently issued. In the statute covering municipal foreclosure there is no provision for notice and no form of deed set out. In this case the notices were posted as required by the statute, but, as already stated, no notice was given to the record owner.

In *Okanogan Power & Irr. Co. v. Quackenbush,* 107 Wash. 651, 182 Pac. 618, 5 A. L. R. 966, it was held that, in an individual foreclosure, notice to the record owner is necessary, or at least reasonable effort should be made to notify such owner of the pending sale. This rule, as applied to individual foreclosure, is recognized by the appellants, but they argue that it should not be applied to municipal foreclosures. In support of their argument they quote a part of a sentence from the statute covering municipal foreclosures as follows:

"and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceedings and of any and all steps thereunder."

But when this is read as following the preceding part of the sentence of which it is a part, it is plain that it does not refer to proceedings subsequent to the judgment. The first part of the sentence is:

"The names of the person or persons appearing on the treasurer's rolls as the owner or owners of said property for the purpose of this chapter shall be considered and treated as the owner or owners of said property, and if upon said treasurer's rolls it appears

that the owner or owners of said property are unknown, then said property shall be proceeded against, as belonging to an unknown owner or owners as the case may be, . . ."

and then follows the part of the sentence upon which the appellants rely.

It is apparent that the latter part of the sentence only qualifies the preceding part and does not have the effect which the appellants seek to give it. This section of the statute, when read in its entirety, means that the same proceedings shall be had in a county foreclosure as when by an individual, except as therein provided otherwise. There being no provision, as already stated, in this statute for notice of sale and form of deed, it necessarily follows that the notice required in a municipal foreclosure is the same as that of an individual. This was the effect of the holding in *Walter v. Hoeffler,* 117 Wash. 120, 200 Pac. 1101, which was a municipal foreclosure, though the question was not there discussed. It follows that, unless the pencil notation above mentioned was sufficient notice, the sale was ineffectual, and the judgment of the trial court setting aside the deed as a result thereof should be affirmed. Examining this notation, it will be observed that it is fatally defective in at least one respect, which is that it does not state the time when the sale will take place. In 26 R. C. L. 407, referring to notices of this kind, it is said:

"The notice must state when the sale is to take place."

The judgment will be affirmed.

FULLERTON and TOLMAN, JJ., concur.