[No. 19285. Department Two. June 1, 1925.]

JOHN SANDBERG et al., Respondents, v. LOUIS E. MURPHY, Appellant.[1]

TAXATION (200)—FORECLOSURE—VACATION OF TAX DEED—RIGHTS OF PURCHASER AT MORTGAGE FORECLOSURE. The holder of a sheriff's certificate of sale under a mortgage foreclosure has a valid subsisting interest in the real property and the right of possession and recovery of the same, under Rem. Comp. Stat., § 785; and hence may maintain an action to set aside a prior county tax foreclosure which was void because of failure to serve the record owner with notice of the sale.

SAME· (200)—FORECLOSURE SALE—NOTICE TO OWNER—RIGHTS OF PURCHASER. The record owner of land, entitled to redeem from a mortgage foreclosure sale, is entitled to notice of sale under a county tax foreclosure, without which the sale is void; hence he and his alienee under the mortgage foreclosure would have the same right to set aside the tax foreclosure.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered January 3, 1925, after a trial to the court upon an agreed statement of facts, in an action to set aside a tax deed. Affirmed.

Wm. H. Pratt, for appellant.

J. Chas. Dennis, for respondents.

HOLCOMB, J.—In this suit to set aside a tax deed issued on a county foreclosure for general taxes, trial was had upon a written stipulation of the facts. At the time of the tax foreclosure, respondent John Sand-

[1]Reported in 236 Pac. 106.

berg was a mortgagee. The record owner at the time was James McCormick. At the tax foreclosure sale the property was bid in by Isaac Lemaster, who subsequently deeded it to this appellant. At the time of the tax foreclosure, respondents had commenced foreclosure of their mortgage, but judgment had not been entered nor sale made. After the issuance of the tax deed, respondents went ahead with their mortgage foreclosure, had judgment by default, had special execution in foreclosure issue and a sale made by the sheriff of Pierce county, at which they bid the property in and received a sheriff's certificate of sale, which was their title or interest in the property at the time of the commencement of this action. The property involved is lot 17, block 1709, Original Plat of the City of Tacoma, formerly New Tacoma, W. T. At the time of the tax foreclosure, James McCormick was a resident of Pierce county, Washington, and after judgment of foreclosure had been entered, the treasurer of Pierce county did not serve any notice of the sale of the premises upon him, nor make any attempt to do so. A *lis pendens* had been filed in the mortgage foreclosure by respondents. Respondents duly tendered to appellant all sums paid to the treasurer with interest, and all taxes paid since, and have at all times stood ready and willing to pay the same.

The questions presented for consideration on this appeal are, first, whether it is necessary that the treasurer in a county foreclosure notify the record owner before making sale of the property for taxes; and second, can the holder of a sheriff's certificate maintain an action to set aside a void tax deed.

Appellant concedes that the mortgage foreclosure proceedings were regular, and concedes that the tax foreclosure proceedings up to the time of the sale were regular. In fact, appellant contends that, since the tax

foreclosure proceedings were regular, his grantor acquired good title to the premises, and that no one can raise the question of lack of notice of sale by the treasurer under the tax foreclosure except the record owner himself. Appellant insists that respondents have no greater right to the property involved than they had as mortgagees; that they have an inchoate right by the foreclosure of the mortgage which may or may not ripen into title; as such mortgagees their interest in the property has been eliminated by the tax foreclosure; that, under the holdings of this court, the record owner of the property might bring an action here to set aside this tax deed if he so chose, but these respondents cannot.

To sustain these contentions appellant cites several of our cases where we have held that a mortgage does not vest title in the mortgagee but only creates a lien; that a certificate of sale executed by a sheriff under a mortgage foreclosure does not vest title; that a person holding a sheriff's certificate of sale is not the owner within the meaning of the terms of an insurance policy requiring notice of change of ownership; citing *Singly v. Warren,* 18 Wash. 434, 51 Pac. 1066, 63 Am. St. 896; *Cochran v. Cochran,* 114 Wash. 499, 195 Pac. 224, 198 Pac. 270; *Oregon Mortgage Co. v. Hartford Fire Insurance Co.,* 122 Wash. 183, 210 Pac. 385.

These cases are not applicable to a case arising under the statute defining and granting the right to recover possession of an interest in, or title to, real estate. Rem. Comp. Stat., § 785 [P. C. § 7517].

Respondent and the trial court relied largely upon the case of *McManus v. Morgan,* 38 Wash. 528, 80 Pac. 786. Appellant contends that case is not controlling for the reason that there the tax foreclosure itself was not valid because the court never obtained jurisdiction of the *rem* under the process required by statute.

While that was under a void tax foreclosure, the question was directly involved whether the purchaser at a mortgage foreclosure sale (exactly as in this case) could maintain the action. In passing upon the point we said:

"Respondents next contend that, under the allegations of the complaint, appellants' title is insufficient to sustain the action. The complaint shows that the appellant became the purchaser of the lands by mortgage foreclosure sale on May 9, 1903, and that this action was begun five days thereafter, and before appellant was entitled to a deed. The statute provides that 'any person having a valid subsisting interest in real property and a right to possession thereof may recover the same,' etc. Bal. Code, § 5500. When appellant purchased the real property upon mortgage sale, he became entitled to the possession thereof. Laws of 1899, p. 93, § 15. He thereby acquired all the title to the mortgaged property which the mortgagors had. This title could be defeated only by redemption, or another sale; but, until a resale or redemption, the purchaser was for all purposes the owner. He certainly had a valid subsisting interest in the property. In *Diamond v. Turner,* 11 Wash. 189, 39 Pac. 379, this court said: 'Until the sale had been set aside, a certificate of purchase would be as fully protected as though the legal title had been conveyed by deed made in pursuance of the statute.' This language is particularly applicable to this case."

So it is here, the holder of the sheriff's certificate of sale under the mortgage foreclosure certainly has a valid subsisting interest in the real property and the right to possession thereof and may recover the same.

The object of the taxation statutes is to efficiently obtain money for the operation of government. A tax foreclosure being a proceeding *in rem,* if prosecuted by the county may be upon a general notice by publication, of which the record owner is required to take notice and be bound thereby. But since the county

does not desire to obtain title to property except as a last resort, after the decree of foreclosure it gives the record owner or his successor in interest an opportunity to redeem by paying the taxes, penalties, interest, and costs. Hence, the requirement that the record owner must have notice of the same by the treasurer— without which, as we have many times held, the sale is void. *Okanogan Power & Irrigation Co. v. Quackenbush,* 107 Wash. 651, 182 Pac. 618, 5 A. L. R. 966; *Walter v. Hoeffler,* 117 Wash. 120, 200 Pac. 1101; *Riley v. Varian,* 123 Wash. 436, 212 Pac. 545; *Everett v. Morgan,* 133 Wash. 225, 233 Pac. 317.

The extent of the right of the record owner, Mc-Cormick, at the time would be that if he redeemed from the mortgage foreclosure sale which alienated the property from him, he could maintain the same kind of an action that his alienee under the mortgage foreclosure has under the statutes cited in *McManus v. Morgan, supra.* The reasoning and principle announced in that decision are sound, the law governing the right of action is the same at present, and there is no reason for a departure therefrom.

The decree of the trial court is therefore affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.