[No. 21353.   Department One.   August 21, 1928.]

## J. A. VENESS et al., Respondents, v. LEWIS COUNTY et al., Appellants.[1]

[1] TAXATION (140)—FORECLOSURE—SALE—NOTICE TO RECORD OWNER —MAILING.   Under Rem. Comp. Stat., § 11298, requiring the county treasurer to notify the record owner of real estate of the sale of land for taxes, a tax sale is void where the record fails to show actual notice or personal service; even if the record is supplemented by oral proof that a letter was mailed to the record owner.

[2] STATUTES (88)—TAXATION (140)—RETROACTIVE OPERATION— REPEAL—REMEDIES—NOTICE TO OWNER—VESTED RIGHTS.   Where a county tax sale was void for failure to give notice to the record owner, and action was commenced to set it aside before repeal of the act requiring notice to be given, the title to the property was not divested at the time the action was commenced, and would not be divested by the subsequent repeal of the law.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered November 28, 1927, in favor of the plaintiff, in an action to set aside a tax deed, tried to the court.   Affirmed.

*Rice & Stinson* and *J. H. Jahnke,* for appellants.
*F. M. Hancock* and *Hull & Murray,* for respondents.

TOLMAN, J.—This is an action to set aside a tax deed, in which the plaintiff prevailed, and the defendants have appealed from a judgment granting the prayer of the complaint.   It appears that J. A. Veness, from about the year 1913, was the record owner of a tract of land in Lewis county, described by metes and bounds, consisting of eighty-eight one-hundredths of an acre, and that he has since remained the record owner, unless his title was divested under the tax foreclosure proceeding hereinafter discussed.

[1]Reported in 269 Pac. 834.

Veness and his wife, in 1919, entered into an executory contract to sell this land to their co-plaintiffs Creecy. The Creecys entered into possession and have since resided upon the land. General taxes for the year 1917 were not paid, and in 1923 the county treasurer issued a certificate of delinquency to Lewis county therefor. Shortly after the issuance of the certificate, Lewis county included this property in a general county foreclosure proceeding, published summons in which N. C. Creecy was named as owner, but Veness was not, and in due time took judgment by default and proceeded with the sale of the property under the order of sale embodied in the judgment. The property was at such sale struck off to the county, there being no other bidder.

[1] At the time of the entry of the judgment and of the sale thereunder, there was in effect § 11298 of Remington's Compiled Statutes, the proviso of which reads:

"Provided, however, that before such sale shall be held, the county treasurer shall notify the record owner of such real estate of the pending sale, or in case of unknown owner shall post a notice of same in some public place at the county courthouse."

The treasurer's record, as introduced in evidence, shows only the usual form of notice, partly printed and partly written, without any proof of the service thereof whatsoever. It is true that on the trial the treasurer testified, if oral testimony may properly be received to supply and supplement the record—which would appear to be debatable—that he mailed a copy of the notice as shown in the record addressed to J. A. Veness at Winlock, Washington, which was his correct address as known in the treasurer's office, in an envelope which bore the usual return card; and he further testified that the notice was never returned to his office by the postal authorities.

The case of *Title & Trust Co. v. Columbia Basin Land Co.*, 136 Wash. 63, 238 Pac. 992, seems to be conclusive against the sufficiency of such a service. In that case it was said:

"Appellants contend that notice was given by the county treasurer to the record owners as shown by his return that before sale he notified them by letter. The officers of respondent company and respondent Daly all deny that they got any such notice; but, be that as it may, the return of the treasurer is insufficient to establish legal notice to the record owner. We have said in several of the above cited cases, and most recently in the *Sandberg* case, *supra,* that notice to the record owner is required for a definite and desirable purpose. All that the treasurer returned that he did was that he notified respondents by posting notices and by letter, and also by sending a copy of the notice to the secretary of state. As no particular notice is prescribed, nor kind of service, he is required to show receipt of actual notice, or proof of service of some sort of personal notice. To sustain a valid sale, it would be necessary for the officer to make proof that he gave actual notice to the record owner."

Since the record must, in order to justify the sale, show actual notice or personal service upon a known record owner, the failure of the record in this respect, even as supplemented by the parole testimony, renders the sale void. *Title & Trust Co. v. Columbia Basin Land Co., supra; Sandberg v. Murphy,* 134 Wash. 685, 236 Pac. 106; *Okanogan Power & Irrigation Co. v. Quackenbush,* 107 Wash. 651, 182 Pac. 618, 5 A. L. R. 966.

[2] The respondents relying, among other things, upon this lack of notice began this action in the year 1924 and long after the action was commenced, but before the entry of the judgment here appealed from, Laws 1925, Ex. Ses., p. 323, was enacted which repeals the section of the statute requiring such notice

to be given, together with many other sections relating to the assessment, levy and collection of taxes. The 1925 Act contains the following saving clause:

*"Provided,* That nothing herein contained shall be construed as affecting any existing right acquired under the provisions of any of said acts, or parts of acts, or the validity of any act done or proceeding had under and by virtue of any of said acts, or parts of acts, or as affecting any assessments or levies heretofore made under and by virtue of any of said acts, or parts of acts, or as affecting any proceeding instituted under any of said acts, or parts of acts, or as affecting the validity of any certificate of delinquency, tax deed or other instrument issued under any of said acts, or parts of acts, but all proceedings for the assessment or levy or collection of any tax, remaining incomplete at the time of the taking effect of this act, may be completed pursuant to the provisions of this act, and all things required by any of said acts, or parts of acts, to be done within any specified time, which time has begun to run at the time of the taking effect of this act, shall be done within such specified time unless such time is expressly extended by the provisions of this act, and the provisions of this act, so far as the same shall be applicable, shall apply to redemptions from sales made for taxes previous to the taking effect of this act, and the mode of giving notice and issuing deeds upon certificates of sales made for taxes: *Provided, further,* That the repeal hereby of any act which amended or repealed any former act, or part thereof, shall not operate to revive such former act or part thereof so amended or repealed."

It would seem logical to reason that such a clause saving existing rights obtained under the acts repealed would, by implication, save also existing rights which had not been cut off by compliance with such repealed acts, but it is not necessary to pursue that argument here. The former act, which was repealed by the Act of 1925, as construed in the cases already referred to, required actual notice or personal service and a sale

based on a record failing to show such notice or service has by this court been repeatedly held to be void, as we have already pointed out.

The sale being void under our previous holdings, then respondents' title was never divested. Even if the sale was voidable only, and not absolutely void, this action was commenced and the right to have the sale set aside was thereunder claimed long before the statute on notice was repealed and respondents' right would date from the commencement of the action. Therefore, at the time of the commencement of the action and at the time of the repeal of the prior act, title to the property under consideration was in the respondents Veness, notwithstanding the attempted foreclosure by the county; and, of course, their title cannot be divested by an Act of the legislature, nor do we think the legislature intended any such results.

Many other irregularities are pleaded and were considered by the trial court, some of which are perhaps also sufficient to justify the judgment; but having reached the conclusion that the repeal of the statute requiring notice has no effect on this particular case, we see nothing to be gained by discussing the other issues.

The judgment is affirmed.

FULLERTON, C. J., PARKER, BEALS, and MITCHELL, JJ., concur.