100 N.J. Super. 252 (1968)
241 A.2d 653
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF HAMMONTON, PLAINTIFF-RESPONDENT,
v.
HARTFORD FIRE INSURANCE COMPANY, UNITED STATES FIDELITY AND GUARANTY CO., INSURANCE COMPANY OF NORTH AMERICA AND NORTH RIVER INSURANCE CO., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1968.
Decided April 3, 1968.
*253 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Neil F. Deighan, Jr. argued the cause for defendants-appellants (Messrs. Kisselman, Devine, Deighan & Montano, attorneys).
*254 Mr. Charles A. McGeary argued the cause for plaintiff-respondent (Messrs. Bleakly, Stockwell & Zink, attorneys).
PER CURIAM.
Each of the four defendant insurance companies issued a $5,000 policy insuring the owner of certain premises against loss by fire, with a standard mortgagee clause making the loss payable to plaintiff as its interest might appear. While the mortgage was under foreclosure, a fire caused more than $20,000 damage. Defendants denied liability as to the owner but, since there was $31,000 due on the mortgage, defendants admitted their liability to plaintiff. However, defendants refused to pay plaintiff the $20,000 unless plaintiff first gave them an assignment of an undivided $20,000 interest in the mortgage and agreed that defendants would be entitled to share proportionately in any monies collected upon the mortgage by foreclosure or otherwise. In other words, defendants maintained that the standard mortgagee clause required that they be paid 20/31 of all sums thereafter recovered upon the mortgage debt. Plaintiff rejected this demand and instituted this action.
Plaintiff moved for summary judgment, contending that the standard mortgagee clause entitled it to be paid the balance of its indebtedness (above the $20,000) in full out of any monies realized from the enforcement of the mortgage, whether by foreclosure sale or payment by the mortgagors or owners, before defendants received any part thereof; and that defendants were entitled to an assignment only if they paid the mortgage debt in full. In this plaintiff was plainly right. The standard mortgagee clause expressly provides that "no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of its claim." There are few cases in which the court found it necessary to expressly hold that the insurer's rights are subordinate to the mortgagee's, probably because that is so obvious and well settled under our form of mortgagee clause that the question is seldom raised. See Perretta v. St. Paul Fire & Marine Ins. Co., 106 Misc. 91, 174 N.Y.S. 131 *255 (Sup. Ct. 1919), affirmed 188 App. Div. 983, 177 N.Y.S. 923 (App. Div. 1919); Eddy v. London Assur. Corp., 143 N.Y. 311, 38 N.E. 307, 308-309, 25 L.R.A. 686 (Ct. App. 1894); cf. Phoenix Ins. Co. v. First Nat. Bank, 85 Va. 765, 8 S.E. 719, 2 L.R.A. 667 (Sup. Ct. 1889); Providence Washington Ins. Co. v. Hogges, 67 N.J. Super. 475, 482 (App. Div. 1961). Even under mortgagee clauses not as emphatic as ours, the mortgagee's rights have been given priority. See Lervold v. Republic Mut. Fire Ins. Co., 142 Kan. 43, 45 P.2d 839, 106 A.L.R. 673 (Sup. Ct. 1935); Annotation, 106 A.L.R. 679 (1937).
Plaintiff's motion for summary judgment therefore should have been granted. Instead, the trial judge entered an order:
"* * * authorizing the plaintiff to sell the real estate under the judgment of foreclosure which it holds, upon notice to all parties in interest, and that any deficiency which shall be found to exist on plaintiff's judgment, including interest and costs, after the sale of said real estate, shall be paid from the fire insurance policies issued to cover said property. No interest shall be chargeable against the proceeds of said fire insurance policies."
Defendants appeal from this order. To begin with, the order is interlocutory and no application was made by defendants for leave to appeal. In order to dispose of the matter completely, we now grant the leave, nunc pro tunc.
The order appealed from gave defendants more than they are entitled to. There should have been summary judgment in favor of plaintiff for $20,000 with interest thereon from the date it should have been paid. However, probably because of the value of the remains of the mortgaged property, plaintiff is satisfied with the order appealed from and did not cross-appeal. The order is therefore affirmed, with costs.