[No. 373-41331-1.   Division One—Panel 1.   November 16, 1970.]

FRANK D. TYRRELL *et al., Respondents,* v. WALTER HOSSFELD *et al., Defendants,* ALVIN J. PIPKIN *et al., Appellants,* DAVID J. LLOYD *et al., Respondents.*

*Abbott, Curtis & Coughlin* and *James V. Abbott,* for appellants.

*Anderson, Hunter & Carlson* and *William W. Baker,* for respondents.

SWANSON, J.—In the beginning, this action sought damages for the loss of land due to an inaccurately placed western boundary of real property sold to Tyrrell by Hossfeld, resulting from erroneous land surveys and a lost south quarter corner. Pipkin, the owner of the property abutting the eastern boundary of Tyrrell's property, was joined in the action as a defendant, but the owner of the land west of Pipkin was not so joined. When the location of the property line was resolved by the trial court, Tyrrell's property description was to be based on the south quarter corner as established by the trial court, which moved his property line 248.36 feet west. But Pipkin was held to have acquired by adverse possession the 248.36-foot difference between his old eastern boundary line and Tyrrell's new western boundary. The court, however, in its conclusions of law and judgment, described Pipkin's property in relation to both

the old and the new south quarter corners, thereby giving Pipkin the 248.36 feet gained by adverse possession, but it also placed his western boundary 248.36 feet onto land claimed by one Heyman, a landowner not a party to the action.

The trial court, on a motion by Lloyd, another landowner joined as a defendant, recognized its lack of jurisdiction to affect any property, the owners of which were not before the court. Both counsel agreed on appeal that the trial court lacked jurisdiction to determine the boundary between Pipkin's property and that of the neighboring landowner on the west who was not a party to the action. That part of the judgment was void.

■ The court corrected its judgment (The trial court may vacate a void judgment. *See Ballard Savings & Loan Ass'n v. Linden,* 188 Wash. 490, 492, 62 P.2d 1364 (1936).) so that Pipkin's legal description was in reference only to the old south quarter corner, thereby giving him the property claimed by adverse possession, but it also placed his western boundary where it was prior to this action. The trial court should have described only the boundaries of the land gained by adverse possession, and not Pipkin's western boundary,[1] because Pipkin's eastern boundary was the only boundary in question before the court.

The case is remanded to the trial court to enter conclusions of law and a judgment consistent with its findings and this opinion.

Neither party shall recover costs.

JAMES, C. J., and FARRIS, J., concur.

---

[1]The determination of Pipkin's western boundary, if desired, must be decided by another action to which the adjoining landowners are parties.