[No. 285-2.　　Division Two.　　October 12, 1971.]

PIERCE COUNTY, *Respondent*, v. LEO L. WINGARD, *Appellant*.

*Leo Wingard*, pro se.

*Ronald L. Hendry, Prosecuting Attorney*, and *Dean A. Floyd, Deputy*, for respondent.

SWANSON, J.—This appeal presents the primary question

of whether a treasurer's sale conforming to the requirements of RCW 84.64.080 is a prerequisite to the issuance of a tax deed to the holder of a certificate of delinquency. We conclude that it is.

The history of this litigation dates back to 1966, and involves the effort of the appellant, Leo L. Wingard, to obtain title to certain real property which has been delinquent on the Pierce County tax rolls since 1959. Wingard is the assignee of a certain certificate of delinquency for the real property in question which certificate was originally held by Pierce County.[1] On November 18, 1966, Wingard obtained a judgment from the Pierce County Superior Court ordering that a tax deed for such property be executed to him, but on December 6, 1966, the same court set aside its order for the tax deed and ordered the Pierce County Treasurer to sell the parcels covered by Wingard's certificate of delinquency on his behalf in accordance with RCW 84.64.080. The trial court was of the opinion that this statute requires a treasurer's sale of tax delinquent property followed by the execution of a tax deed to the highest bidder at such sale. Wingard's appeal from this order was dismissed by the state Supreme Court on May 21, 1968.

Approximately a year later, Wingard presented two proposed judgments to a Pierce County deputy prosecutor for approval who, according to respondent, erroneously approved these judgments because he failed to note that at the very end of the judgments Wingard had quieted title in the property to himself, instead of ordering a treasurer's sale. On June 16 and 24, 1969, the Pierce County Superior Court signed these quiet title judgments but on June 29, 1970, determined that they were erroneous and void, and so vacated them and ordered a treasurer's sale of the property.[2] Wingard now appeals from this vacation order.

---

[1] It appears that it is no longer possible for a private citizen to obtain a certificate of delinquency *by assignment* from the county in view of the repeal of RCW 84.64.250 and 84.64.260 (Laws of 1969, Ex. Ses., ch. 45, § 1) which provided for such assignments.

[2] Between the time the quiet title judgments were entered and their vacation on June 29, 1970, Wingard sought a writ of prohibition to

Appellant apparently contends that RCW 84.64 provides an alternate means for the execution of a tax deed. While he recognizes that RCW 84.64.080 provides for the issuance of a tax deed to the highest bidder at a treasurer's sale, he relies upon RCW 84.64.020 (4) which provides that a certificate of delinquency is prima facie evidence that "[s]uch certificate shall have the same force and effect as a judgment execution and sale of and against the premises included therein."[3] He maintains that this provision authorizes a court to direct the issuance of a tax deed to a holder of a certificate of delinquency without a treasurer's sale. Therefore he contends the judgment of the Pierce County Superior Court quieting title to himself was correct and accordingly it was error to vacate it.

■ We disagree. The provision in question has been construed by the state Supreme Court as a legislative definition of the nature and extent of the tax lien, and nothing more. *Flueck v. Pedigo*, 55 Wash. 646, 104 P. 1119 (1909). *See also Kienbaum v. New Republic Co.*, 139 Wash. 298, 246 P. 925 (1926). Moreover, we believe that this provision must be read in conjunction with the rest of RCW 84.64, specifically RCW 84.64.080, which indicates that the

restrain the Pierce County Superior Court from entering such a vacation order. The Court of Appeals, Division 2, denied the application for the writ.

[3]Appellant also appears to argue that RCW 84.64.010(6) is supportive of his position in that it provides that a certificate of delinquency shall contain a statement indicating "[t]he time when a deed may be had, if not sooner redeemed," because he points out that pursuant to this provision, the following statement appears on his certificate of delinquency:

> The purchaser hereof may have a deed to the above described property three years after the original date of delinquency, upon the terms as specified in RCW 84.64 if not sooner redeemed.

Since more than 3 years have elapsed from the original date of delinquency, appellant contends that the trial court properly ordered that a tax deed be issued to him without a treasurer's sale. We conclude that such an interpretation is contrary to the basic policy manifested by RCW 84.64 which we have identified herein, and therefore find appellant's contention that such an interpretation is controlling to be without merit.

basic policy supporting the statutory scheme is that delinquent property taxpayers are not to be deprived of title to their property without the due process protection afforded by a public treasurer's sale.[4]

Appellant also maintains that the respondent Pierce County was not a proper moving party to the action to vacate the judgments of the Pierce County Superior Court because the county had sold all of its interest in the property, represented by the certificate of delinquency, to appellant Wingard with the result that the vacated judgments were not against the moving party, the county, but rather against the real property of the delinquent property taxpayers. In answer to this contention we think it is enough to observe that inasmuch as the vacated judgments purported to order the county treasurer to execute a deed to the appellant, the county has standing to challenge the validity of such judgments.

■ Appellant further contends that the trial court violated the procedural requirements for vacation of a judgment set forth in RCW 4.72.010-.060, but no evidence of such error appears in the record. Appellant also appears to question the power of the trial court to vacate an erroneous and void judgment, but the proposition that the trial court has such power is well settled. *See Tyrrell v. Hossfeld*, 3 Wn. App. 610, 476 P.2d 710 (1970), and cases cited therein.

Finally, appellant contends that there was in fact a public treasurer's sale of the property involved, thereby apparently conceding the necessity of such a sale pursuant to RCW 84.64.080, but he claims that there were no bidders at the sale and therefore the tax deed should be issued to him. While it appears that a notice for such a sale was posted on December 5, 1969, we can find nothing in the record to indicate that the sale ever took place or that, if the sale occurred, the requirements of RCW 84.64.080 were met. It

---

[4]In this connection, we note that RCW 84.64.080, consistent with such a policy of due process, includes a provision to the effect that for a period of 3 years after the sale, the record owner of the property is entitled to any proceeds of such sale in excess of the sum due upon the property for taxes and interest.

was apparently with this in mind that the Pierce County Superior Court properly vacated its judgments of June 16 and 24, 1969, which had purported to quiet title in the appellant, and ordered a treasurer's sale of the property before a tax deed was issued to anyone, including appellant as holder of the certificate of delinquency.

The judgment is affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied November 29, 1971.

Review denied by Supreme Court December 28, 1971.