[No. 864-2.    Division Two.    October 4, 1973.]

PIERCE COUNTY, *Respondent,* LEO L. WINGARD, *Appellant,* v. IVAN DESART *et al., Defendants.*

*Leo L. Wingard,* pro se.

*Ronald L. Hendry, Prosecuting Attorney,* and *Michael B. Hansen, Deputy,* for respondent.

PEARSON, C.J.—Plaintiff Leo L. Wingard appeals from the trial court's order denying his motion to cancel a tax sale of certain real property in Pierce County. The primary issue presented is whether the proper statutory tax foreclosure procedures were followed by the Pierce County Treasurer.

The sale was conducted pursuant to a judgment and order of the trial court affirmed by this court in a previous appeal of the case. *See Pierce County v. Wingard*, 5 Wn. App. 568, 490 P.2d 129 (1971).[1]

RCW 84.64.080 provides, in part:

> The county treasurer shall immediately after receiving the order and judgment of the court proceed to sell the property as provided in this chapter to the highest and best bidder for cash. All sales shall be made at such place on county property as the board of county commissioners may direct on Friday between the hours of 9 o'clock in the morning and 4 o'clock in the afternoon, and shall continue from day to day (Saturdays and Sundays excepted) during the same hours until all lots or tracts are sold, after first giving notice of the time, and place where such sale is to take place for ten days successively by posting notice thereof in three public places in the county, one of which shall be in the office of said treasurer.

In addition to posting notice of the sale as required by the statute, the treasurer had notice published in a newspaper of general circulation in the county. On June 23, 1972, the foreclosure proceeding culminated with a sale to the highest bidders, defendants Pete Gust and Gene and Mary Hopper. These parties did not have cash in hand, but returned to the sale shortly thereafter with sufficient cash to cover their bids.

Plaintiff contends that the statute requires successful bidders to have "cash in hand" at the time of the sale, and furthermore that the statute was violated by the publica-

[1] Plaintiff seeks incidentally here to challenge the judgment and order of sale. This issue was resolved against him on the former appeal and is accordingly the law of the case, not subject to further attack. *See Greene v. Rothschild*, 68 Wn.2d 1, 402 P.2d 356, 414 P.2d 1013 (1965, 1966).

tion of notice in excess of that required therein. We reject both contentions.

■ Due process requires notice which is calculated to reach parties that will be affected by the proceedings, to the extent that circumstances permit. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1949). In a tax foreclosure proceeding, the posting of notice is merely the minimum that must be done. *See Chelan County v. Fellers*, 65 Wn.2d 943, 400 P.2d 609 (1965).

■ We note that RCW 84.64.080 nowhere requires that bidders have "cash in hand," but only that cash be paid. That was done in this case, and accordingly we find no violation.

■ Protection of the rights of delinquent taxpayers is the paramount policy of the statute. *Pierce County v. Wingard, supra.* The trial court properly exercised its discretion in upholding a procedure which exceeded the minimum requirements of the statute.

Order affirmed.

ARMSTRONG and PETRIE, JJ., concur.

Petition for rehearing denied November 7, 1973.

Review denied by Supreme Court January 24, 1974.