[No. 1867–2.   Division Two.   March 25, 1977.]

PIERCE COUNTY, *Respondent,* v. CALVIN H. EVANS,
ET AL, *Appellants,* JOHN VITTONE,
*Respondent.*

202

*Charles F. Diesen* and *Diesen & Johnson,* for appellants.

*Don Herron, Prosecuting Attorney, Steve Causseaux, Deputy, Stanley J. Burkey,* and *Burkey & Marsico,* for respondents.

REED, J.—Defendant Calvin H. Evans, the owner of two parcels of land located in Pierce County, did not pay real estate taxes on those parcels for the years 1969 through 1974. In July of 1974, Evans received a phone call from the Pierce County Treasurer's office informing him that unless he tendered his delinquent taxes his two lots would be sold in the general county tax foreclosure proceeding to be held later that fall. On July 23, 1974, the Pierce County Treasurer mailed Evans a letter advising him of his delinquency and of the foreclosure sale scheduled in the fall. On August 22, 1974, Pierce County filed a petition for leave to maintain a tax foreclosure action against those owners remaining delinquent, including defendant Evans. Beginning August 31, 1974, notice and summons of foreclosure of a tax lien were published in the Tacoma News Tribune, but Evans was neither personally served nor was notice sent by certified mail to his residence. In October Pierce County again

phoned Evans' residence and told Evans' daughter that the property would be sold on some unspecified date in November. On November 1, 1974, the Pierce County Prosecutor's office filed a motion for a default judgment; the accompanying affidavit contained statements that notice and summons had been sent to all named defendants by certified mail, and in addition averred that the notice and summons described the property and the amount of delinquent taxes and directed the defendants to appear and defend within 60 days or judgment would be entered foreclosing the tax lien. Pierce County admits that the above averments in the affidavit are false insofar as they pertain to defendant Evans. On the same day, an order of default was granted, followed by the entry of judgment and order of sale.

Evans was aware that the foreclosure sale was imminent, and on November 18, 1974, after several calls to the treasurer's office, was able to learn that the sale was scheduled for November 29, 1974. Evans attended the sale, but did not bid, and his attempted payment of his delinquent taxes at the conclusion of the sale was refused. Five days later Evans filed a motion to vacate the default judgment and subsequent sale. A show cause order was issued directing Pierce County to appear and show why the default should not be set aside; additionally Pierce County was restrained from delivering a tax deed to the purchaser at the foreclosure sale.[1] A hearing based on affidavits was held on Evans' motion, and the court, finding that Evans had possessed actual notice and had "participated" in the sale, denied the motion to vacate. This appeal followed, and the sole issue presented for our consideration is whether the trial court erred when, on the grounds that Evans had received sufficient notice of the foreclosure proceeding, it denied his motion to vacate. We hold that Evans did not have proper

---

[1]The purchaser at the foreclosure sale was John Vittone, who intervened pursuant to CR 24 in the show cause hearing.

notice, and accordingly the order of the trial court is reversed.

Initially we note that failure to comply with statutory provisions relating to the content and manner of notice in proceedings to collect delinquent taxes leaves the court without jurisdiction over the tax foreclosure proceeding and renders void any foreclosure sale and tax deed issued pursuant thereto; more specifically, an inaccurate or incomplete description of the real estate has been held to leave the court without jurisdiction to foreclose a tax lien. *Wingard v. Heinkel,* 70 Wn.2d 730, 424 P.2d 1010 (1967); *Kupka v. Reid,* 50 Wn.2d 465, 312 P.2d 1056 (1957); *Matthews v. Morrison,* 195 Wash. 288, 80 P.2d 856 (1938); *Asotin County Port Dist. v. Clarkston Community Corp.,* 2 Wn. App. 1007, 472 P.2d 554 (1970). Similarly, a want of jurisdiction has been found when there has been insufficient notice to the owner of the time within which to answer the summons, *Owen v. Owen,* 41 Wash. 642, 84 P. 606 (1906), and when there is defective notice of the time the sale is to take place. *Riley v. Varian,* 123 Wash. 436, 212 P. 545 (1923). And in *Slocum v. Peterson,* 131 Wash. 61, 229 P. 20, 40 A.L.R. 1071 (1924), the court held that lack of notice or failure to give notice in compliance with the letter and spirit of statutory requirements renders a foreclosure sale and tax deed void, or at least voidable at the suit of the record owners. *See also Wallace v. Thomas,* 193 Wash. 582, 76 P.2d 1032 (1938); *Silverstone v. Harn,* 66 Wash. 440, 120 P. 109 (1912); *Jones v. Seattle Brick & Tile Co.,* 56 Wash. 166, 105 P. 238 (1909). The clear import of the preceding decisions is that notice complying with statutory dictates is a jurisdictional prerequisite to the entry of a valid judgment and to the enforceability of the foreclosure sale. The question here thus becomes whether Pierce County followed the procedures specified in RCW 84.64-.050, thereby conferring jurisdiction on the court, so that the court could validly foreclose the delinquent tax lien.

RCW 84.64.050 provides in pertinent part as follows:

Certificate to county—Foreclosure—Notice. . . . *Provided,* That notice and summons must be served or notice given in a manner reasonably calculated to inform the owner or owners of the foreclosure action. Either (1) personal service upon the owner or owners or (2) publication once in a newspaper of general circulation, which is circulated in the area of the property and mailing of notice by certified mail to the owner or owners or, if a mailing address is unavailable, personal service upon the occupant of the property, if any, is sufficient. In addition to describing the property as the same is described on the tax rolls, the notice must include the local street address, if any.

Without compiling an exhaustive list of the deficiencies found in the instant case, and without comprehensively defining what notice will satisfy the statutory requirements,[2] we cite the following items as evidence that Evans received insufficient notice. First, the record is totally devoid of any suggestion that Evans was notified (1) that he had the right to appear and defend *in the foreclosure action;* (2) that his failure to defend within 60 days would result in a judgment foreclosing the tax lien; (3) that he had the right to redeem the real property by paying the delinquent taxes and any penalties; and (4) that his right to redeem would expire the day before the sale. Rather than providing notice reasonably calculated to inform, the procedures employed here were confusing with respect to the mechanics of the foreclosure proceeding, and could leave the owner uncertain as to his rights and the consequences of his inaction.

[2]We suggest the legislature address itself to the vague and ambiguous language in RCW 84.64.050. Public policy and due process considerations would seem to dictate that the content of the notice and the manner of its service be specifically and restrictively detailed; *Dow v. State,* 396 Mich. 192, 240 N.W.2d 450 (1976); we find it difficult to fathom why this has been done in the case of individual holders of certificates of delinquency (see RCW 84.64.030), but not when the certificate of delinquency has been issued to the county. In the same vein, see *Riley v. Varian,* 123 Wash. 436, 438, 212 P. 545 (1923), which stresses the statutory language "and the same proceedings shall be had as when held by an individual." (Rem. Comp. Stat. § 11295.) This language has been carried forward into

Second, such notice as Pierce County did provide related only to the foreclosure sale, by which the county was to satisfy its lien. Even then the letter and the telephone calls were inadequate, for they omitted any reference to the date, time, and location of the sale. Only through his own persistent efforts was Evans able to learn enough of the particulars with respect to the sale so as to enable him to appear at the proper time and place.

Lastly, to affirm the trial court's order here would be to sanction telephone calls as an appropriate means of serving notice under the statute. While we recognize that both personal service upon the owner, or publication coupled with mailing of notice by certified mail, are specified in the statute only as sufficient and not exclusive modes of service, we do not believe that a telephone call rises to the same stature as the statutory methods. There being no permanent record of the telephone call, the owner is forced to seek advice based solely upon his memory of the conversation. Additionally, a phone call is an invitation to a "swearing contest" as to what was said, thereby making it impossible to judge the sufficiency of notice given in that manner. Clearly, when dealing with a highly technical matter such as a tax foreclosure, the statute does not contemplate such an informal substitute for the suggested methods of service. Having determined that Evans did not receive proper notice, we remand the cause with instructions to grant Evans' motion to vacate the default judgment.

PETRIE, C.J., and RINGOLD, J. Pro Tem., concur.

the present RCW 84.64.050, with the addition of the notice requirements we have discussed above.