[No. 4412–1. Division One. February 21, 1978.]

ERNEST T. ROSHOLT, ET AL, *Respondents,* v. THE COUNTY OF SNOHOMISH, *Respondent,* CHRIS PALZER, ET AL, *Appellants.*

*Don Minor*, for appellants.

*Jordan, Brinster, Templeman & Jordan, P.S., Dennis Jordan, Robert E. Schillberg, Prosecuting Attorney,* and *Elmer E. Johnston, Deputy,* for respondents.

CALLOW, J.—The defendants Palzer appeal from a judgment setting aside a real estate tax foreclosure deed on the basis that no jurisdiction had been obtained. The property, situated in Snohomish County, is legally described as:

The East 70 feet of Lot 7, Paine Field Addition No. 1, according to the plat thereof recorded in Volume 12 of Plats, page 59, records of Snohomish County, Washington; together with and subject to an easement for ingress, egress and utilities over, under and across the North 30

feet of said Lot 7, except the East 295 feet thereof; and subject to an easement over the North 20 feet of the West 75 feet of the East 290 feet of said Lot 7.

In June 1974, Snohomish County commenced foreclosure of a lien for unpaid 1969 real estate taxes against the property. At that time, the Snohomish County tax rolls carried, as the owner of record of the property, the name of "Ernest I. Rusholt" and listed an address of 777 Maple, Edmonds, Washington. Property tax statements had been sent to this name and address since 1969. The 1968 real estate taxes had been paid in 1973.

Snohomish County took its initial action in foreclosing this tax lien by mailing a property tax statement on June 14, 1974, to the name and address carried on its tax rolls. The statement was sent certified mail, return receipt requested, and shortly thereafter was returned unclaimed. The County then endeavored to obtain a correct address for "Ernest I. Rusholt" by checking its field books, city directories and telephone directories. Being unsuccessful at locating a correct address, the County filed a summons and complaint on August 27, 1974. The name set forth on the pleadings was "Ernest I. Rusholt." Snohomish County subsequently published the tax lien foreclosure notice and summons in the Everett Herald on September 6, 1974, naming "Ernest I. Rusholt" as the owner thereof, together with a description of the property.

On October 15, 1974, a title report was issued on all the properties being foreclosed for tax liens and forwarded to Snohomish County. The title report listed as persons having record title the names "Ernest T. Rosholt and Lorraine E. Rosholt, husband and wife, and Richard Rosholt, d/b/a Rosco."

A field man from the Snohomish County treasurer's office attempted to locate the property owner in order to give notice of the foreclosure proceedings. In November 1974, he visited the property and posted a notice on the house. The house was unoccupied and appeared to have been vacant for some time. By searching for the deed referred to in the

title report, the field man discovered that the deed had been returned to a law firm in Everett, Washington, and from this firm he obtained a Culver City, California, address as the current address for the Rosholts.

On November 15, 1974, a certified letter, return receipt requested, was sent by airmail to Rosholt's California address, with a copy of the tax statements covering the property enclosed showing the delinquency in taxes and containing the warning, "You must pay the 1969 tax by November 21, 1974, at 5:00 p.m. to redeem this property." The return receipt was not received by Snohomish County prior to the foreclosure sale.

The tax lien foreclosure sale was held on November 22, 1974, at which time Chris Palzer was the high bidder and purchaser of the property. A treasurer's tax deed was subsequently issued on December 6, 1974. Subsequent to the tax foreclosure sale, Snohomish County received a letter from Rosholt containing a check which had been mailed on November 25, 1974. This check was returned immediately by Snohomish County. Following the foreclosure sale, it was learned that Rosholt was residing in Scottsdale, Arizona.

The plaintiffs Rosholt brought this action to set aside the tax deed. The case was tried to the court and judgment was entered setting aside the tax deed previously issued to Palzer, quieting title to the real property in the Rosholts, and providing for a refund of the purchase moneys paid by Palzer at the tax sale. The defendants Palzer appeal.

The trial court made the following findings:

> That on or about October 15, 1974, a title report was ordered and received by the County of Snohomish pursuant to the requirements of R.C.W. 84.64.050, which title report stated that the record title owners to said property were the following persons: Ernest T. Rosholt, Lorraine Rosholt and Richard Rosholt, d/b/a Rosco.

Finding of fact No. 6.

> That further investigation by county officials showed that the Plaintiff Rosholt resided in Culver City,

California. That on November 15, 1974, a certified letter, return receipt requested, was sent by airmail to Plaintiff Rosholt's Culver City address, which letter enclosed a copy of the tax statements covering said property showing the delinquency in taxes. That the return receipt regarding said certified letter was not received back by the County of Snohomish prior to the foreclosure sale.

Finding of fact No. 7. Error was not assigned to these findings and they are deemed to be verities on appeal. *State v. Reader's Digest Ass'n, Inc.*, 81 Wn.2d 259, 263–64, 501 P.2d 290 (1972).

The issue presented is whether jurisdiction is obtained in a tax lien foreclosure proceeding under RCW 84.64.050 by publishing the name carried on the tax rolls and attempting to give the owner notification when record title is carried on the tax rolls under an incorrect spelling.

The defendant Palzer asserts that Snohomish County complied with RCW 84.64.050 and acquired jurisdiction. This assertion is based on the assumption that the notice requirement was met when Snohomish County published the name "Rusholt" in the local newspaper and mailed a notice by certified mail to the address on the current tax roll. It is asserted that the misspelling of the name on the tax rolls should not be dispositive, for the misspelling was of such a minor character as not to mislead anyone. Further, the defendant argues that absolute accuracy was not required and that the taxpayer should be held to be responsible for the name that appeared on the previous year's tax statement. We do not agree.

█ RCW 84.64.050 sets out the procedure a county must follow in foreclosing tax certificates of delinquency.[1] It is uncontested that only one of the three record title holders was ever given any kind of notice of the foreclosure sale. Jurisdiction for a foreclosure pursuant to RCW 84.64-.050, however, is dependent on compliance with the statute.

---

[1]RCW 84.64.050 reads in part: "[N]otice and summons must be served or notice given in a manner reasonably calculated to inform the owner or owners of the foreclosure action. Either (1) personal service upon the owner or owners or

It was stated in *Pierce County v. Evans,* 17 Wn. App. 201, 204, 563 P.2d 1263 (1977):

> Initially we note that failure to comply with statutory provisions relating to the content and manner of notice in proceedings to collect delinquent taxes leaves the court without jurisdiction over the tax foreclosure proceeding and renders void any foreclosure sale and tax deed issued pursuant thereto;

When the County discovered from the title report that additional record title holders existed, it was required to give them the same notice it extended to the person listed on the county tax rolls. This was not done pursuant to the statute, and jurisdiction for the purposes of the tax foreclosure proceeding was not obtained. The foreclosure sale and the issuance of the tax deed are void.

An additional question is whether under the circumstances publication of the name of the owner, listed on the tax rolls as "Ernest I. Rusholt," amounted to reasonable

---

(2) publication once in a newspaper of general circulation, which is circulated in the area of the property and mailing of notice by certified mail to the owner or owners or, if a mailing address is unavailable, personal service upon the occupant of the property, if any, is sufficient. In addition to describing the property as the same is described on the tax rolls, the notice must include the local street address, if any. . . . [T]he proceedings to foreclose the liens against said property may be brought in one action and all persons interested in any of the property involved in said proceedings may be made codefendants in said action, and if unknown may be therein named as unknown owners, and the publication of such notice shall be sufficient service thereof on all persons interested in the property described therein, except as provided above. The person or persons whose name or names appear on the treasurer's rolls as the owner or owners of said property shall be considered and treated as the owner or owners of said property for the purpose of this section, and if upon said treasurer's rolls it appears that the owner or owners of said property are unknown, then said property shall be proceeded against, as belonging to an unknown owner or owners, as the case may be, and all persons owning or claiming to own, or having or claiming to have an interest therein, are hereby required to take notice of said proceedings and of any and all steps thereunder: *Provided,* That, at least thirty days prior to the sale of the property, the treasurer shall order or conduct a title search of the property to be sold to determine the legal description of the property to be sold and the record title holder, and if the record title holder or holders differ from the person or persons whose name or names appear on the treasurer's rolls as the owner or owners, the record title holder or holders shall be considered and treated as the owner or owners of said property for the purpose of this section, and shall be entitled to the notice provided for in this section."

notice even though the owner's correct name, as shown in the title report, was "Ernest T. Rosholt." The defendant asserts Ernest T. Rosholt and Ernest I. Rusholt are sufficiently similar in sound to be deemed the same under the doctrine of idem sonans. We disagree.

■ Due process requires that notice be reasonably calculated to inform a party of the pendency of proceedings affecting him or his property, and must afford him a meaningful opportunity to participate. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1949); *Pierce County v. Desart*, 9 Wn. App. 760, 762, 515 P.2d 550 (1973). Further, if the only timely notice given a person in a tax foreclosure proceeding was by publication, and if a reasonably attentive person under those circumstances would not have been alerted to the pendency of proceedings against his property due to a material misnomer in the published notice, the subsequent tax foreclosure would be void.[2]

As stated in *Kelly v. Kuhnhausen*, 51 Wash. 193, 195, 98 P. 603 (1908):

> [N]ames must be construed with reference to their associations; that is, in this case with reference to their respective initials or given names, and considering them altogether the question is, would the variance mislead.

This question is a question for the trier of fact. Here, the name contained in the tax rolls and published by the County was "Ernest I. Rusholt," but as the County discovered upon receiving the statutorily mandated title report,

---

[2]*Compare Marx v. Hanthorn*, 148 U.S. 172, 37 L. Ed. 410, 13 S. Ct. 508 (1893) (published name "Ida J. Hawthorn" was not the equivalent of "Ida J. Hanthorn"); *Peer v. Claremont*, 188 F. Supp. 641, 644 (D. Ore. 1960) ("Stumberg" and published "Stromberg" were not sufficiently similar); *Jones v. Parker*, 107 N.J. Super. 235, 258 A.2d 26, 30–31 (1969) ("Asa C. Parker" and "Ace Parker" were not sufficiently similar); *Carney v. Bigham*, 51 Wash. 452, 456, 99 P. 21 (1909) (certificate of delinquency naming "J. G. Carney instead of proper "J. E. Carney" had a material flaw), *with Kelly v. Kuhnhausen*, 51 Wash. 193, 195–96, 98 P. 603 (1908) (erroneous substitution of the letter "t" for the letter "l" in "Tiller" when the first name and middle initial were correct, was immaterial). *See also* Annot., 43 A.L.R.2d 967, 969–77 (1955).

the record title holder's correct name was "Ernest T. Rosholt." The statute states that notice to the party as listed in the tax rolls will be sufficient *only* if that party is the same party revealed to be the record title holder in the title report. Substantial evidence supports the finding of the trial court:

> That the name "Ernest I. Rusholt" as published would cause a person of ordinary prudence and intelligence to be misled so as not to associate that name with Ernest T. Rosholt.

The judgment is affirmed.

JAMES and ANDERSEN, JJ., concur.

Petition for rehearing denied April 19, 1978.