**In re Walter G. SIENKIEWICZ, Debtor.**

**Walter G. SIENKIEWICZ, Appellant,**

v.

**Chris PALZER and Kathy Palzer, Pierce County, Washington, and Wayne N. Seminoff and Jane Doe Seminoff, Appellees.**

**BAP No. WW 86–1622 MoAsJ.**
**Bankruptcy No. 83–02248 T.**
**Adv. No. A85–0200.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 19, 1988.

Decided Sept. 22, 1988.

---

Harold T. Hartinger, Kane, Vanderberg, Hartinger & Walker, Tacoma, Wash., for appellant.

David B. Knodel, Tacoma, Wash., for appellees.

Before MOOREMAN, ASHLAND and JONES, Bankruptcy Judges.

MOOREMAN, Bankruptcy Judge:

By this appeal, the debtor/appellant seeks to set aside a *Summary Judgment* granted by the bankruptcy court which partially validated a pre-petition tax foreclosure sale and post-petition issuance of the tax deed. As a result of the decision the debtor's estate was allowed only a one-half (½) undivided interest in the property.

## FACTS

The facts in this case are essentially undisputed. Mr. Sienkiewicz (debtor) and Mr. Wahl were former business partners and in 1981 owned as record title interest holders a certain piece of real property. Under a 1981 partnership dissolution agreement, Mr. Wahl conveyed his interest in the property to the debtor. However, through the "error of a scrivener" the property description was omitted from the property conveyance and record title remained in both the debtor and Mr. Wahl.

On June 22, 1983, Pierce County, Washington commenced tax foreclosure proceedings on the subject real property. Although the County attempted to mail notice of the foreclosure proceedings to both the debtor and Mr. Wahl, the notices were not received.[1] It is undisputed that while the notice sent to the debtor was insufficient under state law, proper *notice by publication* was satisfied as to *Mr. Wahl*, who was listed on the title of record as co-owner. On October 7, 1983, a judgment foreclosing the County's tax lien was entered and on October 21, 1983, the tax sale was conducted at which the appellees (Mr. and Mrs. Palzer) were the successful bidders. Prior to the issuance of the tax deed to the Palzers, the debtor filed his Chapter 11 proceedings on November 3, 1983. The actual tax deed was issued to and recorded by the Palzers approximately seven weeks later on December 20, 1983. Eventually, on December 12, 1985 (over two years later and after the filing of the bankruptcy), a deed was executed and recorded purporting to convey Mr. Wahl's interest to the debtor.

---

1. Apparently, the notice sent to the debtor had the *incorrect* city and zip code. It was returned to the County as not deliverable.

The debtor then brought the underlying adversary action to quiet title in the property against Pierce County and the Palzers. The debtor and the Palzers filed what amounted to joint motions for summary judgment. After a hearing on the matter, the bankruptcy court determined that under Washington state law, notice by publication had been sufficient as to Mr. Wahl. Further, the bankruptcy court determined that under the Washington state recording statute, the Palzers, as good faith purchasers, were entitled to a one-half (½) undivided interest in the property equivalent to the interest held by Mr. Wahl. The bankruptcy court also determined that because notice was improper as to the debtor, the debtor's undivided one-half interest was not affected by the tax deed sale.

## DISCUSSION

Although this appeal arises out of a Summary Judgment, the material facts are undisputed, and thus, no issue of material fact exists. Accordingly, the only issues before this Panel are issues of law and subject to de novo review. *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1377 (9th Cir. 1985).

 The essential issue in this case is whether the pre-petition tax foreclosure sale was valid under Washington State law.[2] The debtor contends that the tax foreclosure sale was invalid because it failed to give him the required notice of the foreclosure sale and of the statutory right of redemption.

As set forth above, it is undisputed that Mr. Wahl received adequate statutory notice by publication. Additionally, it is undisputed that the debtor did not receive adequate notice of the foreclosure sale. Under these circumstances, the debtor argues the tax foreclosure sale was entirely void, while the Palzers argue that the sale

2. The debtor argues that the County's issuance of the tax deed to the Palzers violated the automatic stay of § 362. As a basis for this argument, the debtor contends that the subject property became property of the estate on November 3, 1983, even though the actual foreclosure sale had occurred pre-petition on October 21, 1983. The debtor argues that "the sale was *not final*" until the county recorded the tax deed pursuant to state statute.

It is well recognized that rights of redemption are property of the debtor's estate within the definition of § 541. *E.g. In re Bialac,* 712 F.2d 426, 430–31 (9th Cir.1983). In this case, however, it is essentially undisputed that the right to redeem property subject to a tax foreclosure sale expires under Washington state law when the foreclosure sale occurs. Thus, the debtor did not have any right to redeem the property if the foreclosure sale was valid.

Additionally, the debtor argues that he had an equitable interest in the *entire* piece of property and accordingly, the issuance of the tax deed after the filing of the petition violated § 362. This argument assumes, however, that the debtor did in fact have an interest in the *entire* piece of property at the time of his bankruptcy filing. It is undisputed that the foreclosure sale and subsequent issuance of the tax deed *did not effect* the debtor's undivided one-half interest in the property and that the tax deed at issue was deemed by the bankruptcy court to convey the other one-half interest to the Palzers. Whether § 362 was violated turns on *whether the debtor had any rights in that portion conveyed to the Palzers.* If, at the time the debtor filed his petition, he held an interest in that portion now claimed by the Palzers, then the issuance of the tax deed would have been subject to the automatic stay. Thus, we turn to the effect the tax foreclosure sale had on any interest claimed by the debtor.

It is essentially undisputed that prior to the tax foreclosure sale, the debtor held equitable title in the entire piece of property. However, the Washington Revised Code follows a "race/notice" recording statute by providing as follows:

> Real Property Conveyances to be Recorded. A conveyance of real property, when acknowledged by the person executing the same ... may be recorded in the office of Real Property Conveyances to be Recorded. A conveyance of real property, when acknowledged by the person executing the same ... may be recorded in the office of the [county recorder]. *Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for valuable consideration from the vendor, his heirs or devisees, of the same real property or any portion thereof whose conveyance is first duly recorded.*

R.C.W. 65.08.070 (emphasis added). Since the Palzers recorded their tax deed (December 1983) prior to the debtor's attempted recordation of the partnership conveyance (December 1985), and because the debtor does not contest the bona fide status of the Palzers, the Palzers would not be subject to the conveyance from Mr. Wahl to the debtor *if the tax foreclosure sale was valid.*

was void only as to the debtor, but not as to Mr. Wahl, who according to the title of record held a one-half interest in the property.

In the case of *Valentine v. Portland Timber and Land Holding Co.*, 15 Wash. App. 124, 547 P.2d 912 (1976), the Washington Court of Appeals addressed the effect of a foreclosure sale when an *unrecorded interest holder was not joined as a party* to the foreclosure action. The court held that although the unrecorded interest holder was a necessary party, "[t]hat does not mean, however, that failure to join such a person nullifies the action. *It only means such a person's interest is unaffected.*" *Id.* 547 P.2d at 914 (citations omitted) (emphasis added).[3] The court stated, "[p]ublic policy reasons dictate that the recording statute should protect the foreclosing mortgagee as well as the purchaser at a foreclosure ·sale *against unrecorded and unknown interests.*" *Id.* (emphasis added). *See also Aberdeen Federal Savings & Loan v. Empire*, 36 Wash.App. 81, 672 P.2d 409, 411 (1983) (citing *Valentine* with approval).

The debtor relies heavily on the case of *Rosholt v. County of Snohomish*, 19 Wash.App. 300, 575 P.2d 726 (1978), for the proposition that failure to give notice of a foreclosure sale to one co-owner renders any foreclosure sale *void*. Although the *Rosholt* case appears analogous on its face, it is clear from the facts of that case that the *Rosholt* decision merely held that failure to give adequate notice to record title holders will void the tax foreclosure sale. The *Rosholt* ruling is based on well recognized due process and involved a case where *none* of the record title holders received adequate notice. The Washington Court of Appeals determined that insufficient notice had been given to *all* interest holders and accordingly, the foreclosing court *lacked any jurisdiction* to enter a judgment of foreclosure. *Id.* 575 P.2d at 729. Thus, the *Rosholt* court did not address the issue present in this case as to the effect of a tax foreclosure sale on a record title holder who *does* receive adequate notice.

Consistent with the *Rosholt* decision, the bankruptcy court held that *the debtor's interest was unaffected* by the tax foreclosure sale because the debtor had not received sufficient notice. However, Mr. Wahl, *who held legal title to an undivided one-half interest in the property*, did receive legally adequate notice by publication. Accordingly, the state court did have jurisdiction to enter a pre-petition judgment foreclosing the tax lien *as to Mr. Wahl's interest.* *Valentine*, 547 P.2d at 914–915. As a bona fide purchaser for value, the unrecorded conveyance to the debtor is *void* as against the Palzers. *Valentine*, 547 P.2d at 915. Since the foreclosure sale was valid under state law as to a one-half undivided interest in the property, the debtor did not have any interest in that portion of the property at the time of his Chapter 11 filing. *See* footnote 2 (supra). Accordingly, the issuance of the trust deed did not violate the automatic stay of § 362.[4]

Based on the foregoing, the bankruptcy court's Summary Judgment is AFFIRMED.

JONES, Bankruptcy Judge, dissenting.

I would respectfully dissent. The first holding of the case of *Rosholt v. County of Snohomish*, 19 Wash.App. 300, 575 P.2d 726 (1978), is set forth 575 P.2d at page 729 as follows:

When the County discovered from the title report that additional record title

---

3. The majority of cases which have addressed this issue have also determined that where sufficient notice has been supplied to one co-owner, but not to another, the tax sale is void only as to the party who did not receive adequate notice. *E.g. Brandt v. City of Yuma*, 124 Ariz. 29, 601 P.2d 1065, 1067 (1979).

4. Even assuming that the debtor held some equitable interest in the subject portion of the property at the time his petition was filed, the debtor could not avoid the issuance of the trust deed unless the requirements of 11 U.S.C. § 549(c) were satisfied. Although this issue was not addressed by the parties, nothing in the record indicates whether a copy of the debtor's petition was filed with the county recorder's office, thereby allowing the debtor to avoid the post-petition transfer and issuance of the tax deed.

holders existed, it was required to give them the same notice it extended to the person listed on the county tax rolls. This was not done pursuant to the statute, and jurisdiction for the purposes of the tax foreclosure proceeding was not obtained. The foreclosure sale and the issuance of the tax deed are void.

As in *Rosholt*, the title report obtained by the county revealed the names of two co-owners, Mr. Sienkiewicz (debtor) and Mr. Wahl. Proper notice by publication was only given to Mr. Wahl. In fact, Mr. Sienkiewicz was owner of equitable title to the entire property, being entitled to a reformed or additional deed from Mr. Wahl, his prior co-owner. According to *Rosholt*, the county was required to give Mr. Sienkiewicz the same notice it provided to Mr. Wahl since it was on notice of the correct title holders listed in the title report. Without such notice jurisdiction for the purposes of the tax foreclosure proceeding was not obtained.