In re Walter G. SIENKIEWICZ, Debtor.

Walter G. SIENKIEWICZ, Appellant,

v.

Chris PALZER; Kathy Palzer, Pierce County, Washington; Wayne N. Seminoff; Jane Doe Seminoff, Appellees.

No. 89–35038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 5, 1990.

Decided April 12, 1990.

Harold T. Hartinger, Kane, Vandeberg, Hartinger & Walker, Tacoma, Wash., for appellant.

James H. Miller, Kennedy, Schuck, Harris, Miller & McCormmach, Seattle, Wash., for appellees.

Before WRIGHT, REINHARDT and O'SCANNLAIN, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We are asked to decide the validity of a pre-petition tax foreclosure sale of real property under Washington state law in this suit to quiet title in bankruptcy court.

## I

Walter Sienkiewicz, a debtor in bankruptcy, made his living as a real estate developer. He and his partner, Judith Wahl, owned a development known as the "Westmore Division." Under a 1981 partnership dissolution agreement, Wahl conveyed her interest in this development to Sienkiewicz. As the result of a scrivenor's error, however, lot 93 of the subdivision was omitted from the description of property conveyed from Wahl to Sienkiewicz and the record title remained in both of their names.

On June 22, 1983, Pierce County, Washington (the "County") commenced tax foreclosure proceedings on lot 93. Although the County attempted to mail notice of the foreclosure proceedings to both Wahl and Sienkiewicz, the notices were never received.[1] Wahl was eventually notified of the foreclosure proceedings by publication. Sienkiewicz, however, never received notice sufficient to satisfy state law.

On October 7, 1983, a Washington state superior court entered judgment foreclosing the County's tax lien. On October 21, 1983, the tax sale was conducted and appellees (the Palzers) were the successful bidders. Sienkiewicz filed for bankruptcy under Chapter 11 on November 3, 1983. The tax deed was issued to, and recorded by, the Palzers on December 20, 1983.

Two years later, Sienkiewicz executed and recorded a deed purporting to convey Wahl's interest to him. Sienkiewicz then brought this action in the bankruptcy court to quiet title in the property against Pierce County and the Palzers. Sienkiewicz and the Palzers filed cross-motions for summary judgment.

After a hearing on the matter, the bankruptcy court granted summary judgment in part to Sienkiewicz. The bankruptcy court determined that because Wahl had received legally sufficient notice by publication under Washington state law, the Palzers, as good faith purchasers, were entitled to a

---

1. Apparently, the notice sent to Sienkiewicz had the incorrect city and zip code. It was returned to the County as not deliverable.

one-half undivided interest in the property representing Wahl's recorded interest in the property. Sienkiewicz was entitled to the other one-half undivided interest since he had not received legally sufficient notice of the foreclosure sale.

The Bankruptcy Appellate Panel ("BAP") affirmed the bankruptcy court's summary judgment. *See In re Sienkiewicz*, 95 B.R. 139 (9th Cir. BAP 1988). Sienkiewicz now timely appeals from BAP's opinion.

II

Sienkiewicz asserts that the tax foreclosure sale and tax deed, under which the Palzers claim an interest in the subject property, are void for want of jurisdiction in the state court. We agree.

■ In order to vest the state court with jurisdiction to foreclose a tax lien, the county must notify the taxpayer: (1) that he has a right to appear and to defend in the foreclosure action; (2) that a failure to defend within 60 days will result in a judgment foreclosing the tax lien; (3) that he has the right to redeem his property by paying delinquent taxes and penalties; and (4) that his right of redemption will expire the day before the county's tax sale. Wash.Rev.Code § 84.64.050; *Pierce County v. Evans*, 17 Wash.App. 201, 204–05, 563 P.2d 1263, 1265–66 (1977).

In his dissent from the BAP majority opinion, Judge Jones correctly recognized that the instant case is analogous to *Rosholt v. County of Snohomish*, 19 Wash.App. 300, 575 P.2d 726 (1978). *See In re Sienkiewicz*, 95 B.R. 139, 142–43 (Jones, J., dissenting). In *Rosholt*, the court found as follows:

> When the County discovered from the title report that additional record title holders existed, it was required to give them the same notice it extended to the person listed on the county tax rolls.

This was not done pursuant to the statute [*i.e.*, Wash.Rev.Code § 84.64.050], and jurisdiction for the purposes of the tax foreclosure proceeding was not obtained. The foreclosure sale and the issuance of the tax deed are void.

*Rosholt*, 19 Wash.App. at 305, 575 P.2d at 729.

■ Here, the title report obtained by the County revealed the names of two co-owners: Sienkiewicz and Wahl. Only Wahl received proper notice. Under *Rosholt*, the County was required to give notice to both Wahl *and* Sienkiewicz because it was on notice that they were the correct title holders. *See id.* Without such notice, there was no jurisdiction for the purposes of the tax foreclosure proceeding. The tax deed was void. No title passed to the Palzers.[2]

We reverse the BAP's decision and remand to the bankruptcy court to enter judgment granting title to the property to Sienkiewicz.

REVERSED AND REMANDED.

2. Sienkiewicz also contends that the failure of the state to provide him with adequate notice of the foreclosure proceedings deprived him of his right to procedural due process. Because we hold that the foreclosure proceedings were void for lack of jurisdiction under Washington state law, we need not reach Sienkiewicz's due process claim.