[No. 61267-1-I.   Division One.   February 2, 2009.]

HOMEOWNERS SOLUTIONS, LLC, *Appellant*, v. VAN D. NGUYEN ET AL., *Respondents*.

SY D. NGUYEN ET AL., *Respondents*, v. JOE W. MILLER, *Defendant*, HOMEOWNERS SOLUTIONS, LLC, *Appellant*, KING COUNTY, *Respondent*.

546

*Meyrick-Aylmer Cortes* (of *Cortes Maguddayao, PLLC*), for appellant.

*Ty Ho* (of *Ho & Associates*), for respondents Van D. Nguyen, Sy D. Nguyen, Lyly T. Nguyen, and Jane Doe Nguyen.

*Daniel T. Satterberg, Prosecuting Attorney,* and *Margaret A. Pahl, Deputy,* for respondent King County.

¶1 BECKER, J. — When real property is owned as a tenancy in common, each cotenant has a separate and distinct interest. Interpreting the statute that provides how notice of tax foreclosure proceedings must be given to owners, we conclude notice by certified mail will not be effective unless sent separately to each cotenant whose interest is being foreclosed. A single notice sent to the cotenants together, as was done by King County in this case, does not satisfy the statutory notice requirement, and as a result the foreclosure proceeding was invalid. The trial court properly vacated the judgment of foreclosure.

¶2 Appellant Homeowners Solutions, LLC, appeals an order voiding a tax foreclosure judgment. Respondents Sy Nguyen, Lyly Nguyen, Van Nguyen,[1] and King County argue that the judgment was properly declared void because King County failed to satisfy the notice requirements of RCW 84.64.050.

¶3 Sy and Lyly owned property in Seattle as tenants in common. The property is legally described as "Lots 1 and 2 in Block 13, Byron Addition to the City of Seattle, according to the plat thereof Recorded in Volume 6 of Plats, Page 87,

---

[1] Because respondents Sy, Lyly, and Van Nguyen have the same last name, for clarity we refer to them using only their first names.

Records of King County, Washington." The property is enclosed by a chain link fence and hedge of trees. It consists of two separate tax parcels, King County Assessor's parcel number 128230-1180-01 and 128230-1182-09. These will be referred to as "Parcel 1180" and "Parcel 1182." A house is located on Parcel 1180, the larger of the two parcels. Parcel 1182, consisting of the east 50 feet of lot 1, is a garden area adjacent to the house.

¶4 The street address for the two parcels in the records of the Seattle Department of Construction and Land Use was changed in 1992 from "3300 Wetmore Avenue South" to "3101 South Walden Street."

¶5 Sy and Lyly decided to convey the property to Van. They executed a quitclaim deed in December 1994. They intended to convey the entire ownership interest in both lots, but due to a scrivener's error the legal description in the quitclaim deed left out Parcel 1182. As a result, record title to Parcel 1182 remained in Sy and Lyly, although Van believed that he owned both parcels.

¶6 The property taxes assessed for the entire property were paid until 1999 through reserve accounts from the original mortgage. The original mortgagee's interest in the property was reconveyed to Sy and Lyly in March 1999. No one paid the property taxes for Parcel 1182 from 1999 through 2002. The taxes on that parcel became delinquent.

¶7 King County sent warning notices for the tax delinquency on Parcel 1182 to Sy at the Seattle address "3300 Wetmore Avenue South" in February and May 2002. This was the address from the tax roll as listed on the excise tax document for the purchase of the entire property by Sy and Lyly in April 1992. The post office returned the notice with the notation "No such address."

¶8 King County filed a proceeding to foreclose its liens for delinquent taxes on Parcel 1182 in May 2002. The county obtained a title report for Parcel 1182 to ascertain the parties who had to be notified of the proceeding. The title report identified the owners of record as Sy and Lyly as tenants in common.

¶9 King County sent a foreclosure notice by certified mail to Sy in June 2002, again using the address at "3300 Wetmore Avenue South." No notice was sent to Lyly at this address. The post office returned the notice with the notation "No such address."

¶10 King County then sent another notice by certified mail to Sy, but not Lyly, at "3101 South Walden Street." The post office returned the mail with the notation "Moved, left no address."

¶11 In September 2002, King County sent a single notice by certified mail addressed to both Sy and Lyly at "12225 Northeast 5th Street, Bellevue, WA 98005-4817." According to testimony at trial, the county obtained this address from "a phone disk." The post office returned this mail with the notation "insufficient address." Lyly had apparently once lived in an apartment at the Bellevue address but was not living there at the time of the foreclosure proceeding.

¶12 King County published a copy of the summons and complaint in the newspaper in October 2002. The published notice listed Sy and Lyly as individuals with an interest in Parcel 1182.

¶13 Joe Miller purchased Parcel 1182 at the tax foreclosure auction in December 2002. Miller quitclaimed Parcel 1182 to appellant Homeowners Solutions in November 2004.

¶14 In August 2005, Homeowners brought an action for ejectment and to quiet title against Van with respect to Parcel 1182. Van counterclaimed against Homeowners for trespass and damages. Sy, Lyly, and Van jointly brought a separate action against King County to vacate the judgment of foreclosure and to cancel the tax deed. The trial court consolidated these two actions for trial in March 2007. The primary dispute was whether King County complied with the notice requirements of RCW 84.64.050 when it foreclosed on Parcel 1182. Finding the notice deficient, both in the manner of giving notice of foreclosure and in the content of the notice, the trial court vacated the judgment of foreclosure and canceled the tax deed.

¶15 The court first concluded that under the statute, "Sy and Lyly Nguyen, as record owners, should have received separate notices concerning the tax foreclosure of [Parcel 1182] in which they had an interest as tenants in common." As a consequence of the county's failure to send separate notice, the foreclosure court "lacked personal jurisdiction over the record title holders." Conclusions of Law 12, 13.

¶16 Statutory interpretation is a question of law. The appellate court reviews conclusions of law de novo. *SAC Downtown Ltd. P'ship v. Kahn (In re Foreclosure of King County Liens)*, 123 Wn.2d 197, 204, 867 P.2d 605 (1994). The statute in relevant part provides as follows:

> Notice and summons must be served or notice given in a manner reasonably calculated to inform the owner or owners, and any person having a recorded interest in or lien of record upon the property, of the foreclosure action to appear within thirty days after service of such notice and defend such action or pay the amount due. Either (a) personal service upon the owner or owners and any person having a recorded interest in or lien of record upon the property, or (b) publication once in a newspaper of general circulation, which is circulated in the area of the property and mailing of notice by certified mail to the owner or owners and any person having a recorded interest in or lien of record upon the property, or, if a mailing address is unavailable, personal service upon the occupant of the property, if any, is sufficient. If such notice is returned as unclaimed, the treasurer shall send notice by regular first class mail. . . . The person or persons whose name or names appear on the treasurer's rolls as the owner or owners of the property shall be considered and treated as the owner or owners of the property for the purpose of this section . . . PROVIDED, That prior to the sale of the property, the treasurer shall order or conduct a title search of the property to be sold to determine the legal description of the property to be sold and the record title holder, and if the record title holder or holders differ from the person or persons whose name or names appear on the treasurer's rolls as the owner or owners, the record title holder or holders shall be considered and treated as the owner or owners of the

property for the purpose of this section, and shall be entitled to the notice provided for in this section.

RCW 84.64.050.

¶17 Jurisdiction for a foreclosure pursuant to RCW 84.64.050 is dependent on compliance with the statute. *Rosholt v. County of Snohomish*, 19 Wn. App. 300, 304, 575 P.2d 726 (1978). Our Supreme Court, like this court, has consistently referred to any failure to comply with the statutory notice provisions as a defect that deprives the court of jurisdiction over the tax foreclosure proceeding, not as a defect that deprives the court of personal jurisdiction over the record title holders. *See, e.g., Arvin v. King County (In re Foreclosure of King County Liens)*, 117 Wn.2d 77, 84, 811 P.2d 945 (1991) (A county's failure to comply with the statutory provisions prescribing the content and manner of notice in proceedings to collect delinquent property taxes "deprives the court of jurisdiction over the tax foreclosure proceeding and renders void any foreclosure sale and tax deed issued."); *see also Pierce County v. Evans*, 17 Wn. App. 201, 204, 563 P.2d 1263 (1977). Yet here, the trial court, using the terminology adopted by the parties, concluded that the judgment was void because the foreclosure court lacked "personal jurisdiction" over the record title holders. The court's use of the term "personal jurisdiction" is inconsistent with precedent, and the discrepancy is worth noting because to say that the defect is a matter of lack of personal jurisdiction implies that the proceedings would be void only as to a record title holder who did not receive adequate notice.

¶18 In *Rosholt*, the title report obtained by the county disclosed that there were three record title holders, but only one of them received any kind of notice of the foreclosure sale. "When the County discovered from the title report that additional record title holders existed, it was required to give them the same notice it extended to the person listed on the county tax rolls. This was not done pursuant to the statute, and jurisdiction for the purposes of the tax foreclosure proceeding was not obtained. The foreclosure sale and

the issuance of the tax deed are void." *Rosholt*, 19 Wn. App. at 305. In a case with analogous facts, the Ninth Circuit reversed a lower court's ruling that a tax sale was void only as to the title holder who did not receive adequate notice under RCW 84.64.050. The Ninth Circuit followed *Rosholt* and held that lack of notice to one of the two cotenants there rendered the entire proceedings void. *In re Sienkiewicz*, 900 F.2d 206, 208 (9th Cir. 1990).

¶19  Our Supreme Court has not yet had occasion to decide whether noncompliance with the statutory notice provisions renders the sale and tax deed void as to all parties, or only as to those who did not receive proper notice. *See In re Foreclosure of Liens*, 130 Wn.2d 142, 157 n.4, 922 P.2d 73 (1996) (*Clallam County Liens*). The parties in the present case have not raised that issue. Notwithstanding the references to "personal jurisdiction," the parties and the trial court proceeded on the basis that a failure by King County to comply with statutory notice requirements for even one of the owners of Parcel 1182 meant that the entire proceeding was void. Following *Rosholt*, we view that as a sound premise.

¶20  Homeowners contends King County did comply with the statute when it sent foreclosure notices by certified mail to the owners' last known mailing addresses. The issue here, however, is not whether the county used the right addresses, but whether the county could satisfy the statute without sending separate notices to Sy and Lyly.

¶21  The statute requires that notice be given to "the owner or owners." In lieu of personal service, the county can satisfy the statute by coupling a published notice in the newspaper with certified mail notice to "the owner or owners." The term "owners" includes record title holders as determined through a title search by a county. *Clallam County Liens*, 130 Wn.2d at 147. King County obtained a title report showing that Sy and Lyly owned Parcel 1182 as tenants in common. Each owner of a tenancy-in-common property has a separate and distinct interest, even though it is an undivided interest. *Clallam County Liens*, 130

Wn.2d at 148. Therefore, Sy and Lyly each held a distinct interest in the parcel.

¶22 In *Clallam County Liens*, the county proceeded against one cotenant's fractional, undivided interest in two parcels of land when his separately assessed taxes became delinquent. The county was foreclosing only on his interest, not on the parcel as a whole. The judgment of foreclosure was upheld because he was the only owner affected by the proceeding. Notice to the other tenants in common was not required because their distinct interests were not being foreclosed upon. *See Clallam County Liens*, 130 Wn.2d at 149-50.

¶23 It follows that where a common property is assessed as an entirety and the county seeks to foreclose on the parcel as a whole, notice must be provided to every cotenant. *See Clallam County Liens*, 130 Wn.2d at 157 n.4 ("a different situation exists if taxes have been assessed against the common property as a whole, and foreclosure proceedings involve the whole property held in common"). Here, taxes were assessed against Parcel 1182 as a whole. The foreclosure proceeding named both Sy and Lyly, and it concerned the entire parcel that they held as tenants in common. Because Sy and Lyly each held a separate and distinct interest in Parcel 1182 that would be affected by the foreclosure, each was entitled to separate notice.

¶24 It is undisputed that King County's first two certified mailings of the foreclosure notice were addressed only to Sy. The only attempt at giving notice to Lyly was the single notice sent by certified mail to Sy and Lyly at the Bellevue address. The statute directs that notice must be given "in a manner reasonably calculated to inform the owner or owners." RCW 84.64.050. Where the record owners are tenants in common, it is unreasonable to expect that a single notice sent to one cotenant will reasonably inform the "owners." One cannot safely assume that all tenants in common will live at the same address or that they will all see the notice.

¶25 Homeowners summarily argues that the procedure followed by King County amounts to substantial compliance with the statute and strict compliance is not necessary, citing *Spaulding v. Collins*, 190 Wash. 506, 68 P.2d 1025 (1937). *Spaulding* held, with respect to a similar statute providing for notice of foreclosure of delinquent local improvement district assessments, that substantial compliance was essential to jurisdiction.

¶26 Substantial compliance means actual compliance with the substance essential to every reasonable objective of a statute. *San Juan Fidalgo Holding Co. v. Skagit County*, 87 Wn. App. 703, 711, 943 P.2d 341 (1997). We will assume, as indicated by *Spaulding*, that substantial compliance rather than strict compliance is all that is necessary under RCW 84.64.050. Even so, the reasonable and expressly stated objective of the statute is to give notice "in a manner reasonably calculated to inform the owner or owners." RCW 84.64.050. Because this objective cannot be met by a single notice sent to two or more tenants in common at a single address, King County's efforts did not amount even to substantial compliance.

¶27 In summary, the statutory notice requirements were not satisfied where King County failed to send a separate notice to Lyly based on her ownership of the property as a tenant in common. This conclusion alone supports the trial court's decision to vacate the foreclosure judgment on Parcel 1182 as void. Because our resolution of this issue is dispositive, we need not discuss the other notice deficiencies upon which the trial court rested its decision.

¶28 Sy, Lyly, and Van request an award of attorney fees under RAP 18.1(a), but they have not cited applicable law granting them the right to such an award. As prevailing parties on appeal, they are entitled to costs under RAP 14.2.

¶29 King County's request for costs under RAP 14.2 is denied because the county has not identified an issue on which it has prevailed on appeal. At trial, King County participated only to the extent of asking the court to

determine the appropriate party to whom the county should refund the purchase price if the sale was found void.

¶30 In each of the consolidated actions, the judgment is affirmed.

LAU and LEACH, JJ., concur.